[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 452 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 453 
The most favorable view that can be taken of this case for the defendants, is that the notes against Paul Pritchard, when received by the defendants, appeared by the indorsements thereon, to be the property of The Canal Bank of Cleveland, and that the defendants supposed the notes belonged to that bank when they received the money thereon and gave that bank credit therefor; and that the defendants had not previously drawn on the Canal Bank for the balance of $1,051.42 due them from that bank, because they expected to receive negotiable paper from such bank to collect and to credit the avails thereof it, in satisfaction of such balance; and that the defendants did not afterwards draw on the Canal Bank for that balance, for the reason that they believed the notes against Paul Pritchard were the property of that bank, and that they had the right so to treat them, and retain the money received thereon, and place it to the credit of such bank, in satisfaction of the aforesaid balance, and hold the residue as security for the payment of the draft of S.S. Stone, which the Canal Bank had indorsed and for whom the defendants had discounted the same. This view of the case must be adopted in determining it, for the reason that the court directed the jury to find for the plaintiffs; and the defendants have the right to say, if the jury had been permitted to exercise their own judgments upon the evidence, they might have found that this view of the case was the correct one.
It must be conceded that according to the decisions of the Supreme Court of the United States, in The Bank of theMetropolis *Page 454 
v. The New England Bank (1 How., 234; S.C., 6 id., 212), the defendants acquired a lien on the notes against Paul Pritchard and the money received thereon, which enabled them to retain the same in satisfaction of the balance of account that the Canal Bank owed them. But the rule laid down by the Federal Court in that case, has never been adopted in this State; and it is inconsistent with decisions of our courts which have been regarded as correct expositions of the law for more than forty years.
The decisions of our courts have been uniform from the timeCoddington v. Bay (20 Johns., 637), was determined, that before the holder of a note can acquire a better title to it than the person had from whom he received it, he must pay a present valuable consideration therefor; and that receiving it in payment of, or as security for, an antecedent debt is not such a consideration. (Rosa v. Brotherson, 10 Wend., 86; Stalker
v. McDonald, 6 Hill, 93; Youngs v. Lee, 2 Kern., 551.) And we must follow these decisions although they are in conflict with that of the Federal Court in Swift v. Tyson (16 Peters, 1).
The case is not altered materially by a long course of dealing between the parties, by which the holder of the note has been in the habit of receiving payment of balances due him in notes, or because he has omitted to collect a balance due him, by reason of an expectation or promise of payment of it in notes, or in consequence of his omission to collect it after taking such a note in payment of it. He has not in either case parted with or paid any present valuable consideration for the note; and if he fails to collect it or hold it, he is in no worse situation legally, than he was before receiving it. He has only been disappointed by not obtaining payment of an antecedent debt; and that consideration is insufficient to prevent the true owner of the note from claiming the same or its avails, or the maker or indorser from setting up a defence to it existing in his favor as against the payee of a former holder. The defendants never parted with anything or gave any credit, or relinquished any security, or assumed any burden or responsibility on the faith of the notes against Paul *Page 455 
Pritchard, and in commercial language, were not bona fide
holders thereof or of the money received thereon, for value.
According to the decisions of the courts of this State, Paul 
Pritchard could have set up any defence to their notes, in the hands of the defendants, that existed in their favor as against the Canal Bank or the Farmers' and Mechanics' Bank; and the defendants had no title to the notes that enable them to retain the money they received thereon as against the true owner.
These views are not inconsistent with the opinions in the following cases. (Clark v. The Merchants' Bank, 2 Comst., 380; The Commercial Bank v. The Union Bank, 1 Kern., 203;Warner v. Lee, 2 Seld., 144; Scott v. The Ocean Bank,23 N Y, 289.) It may be remarked that the evidence would have justified the jury (if the case had been submitted to them to determine), in finding that the defendants had sufficient notice before they received the money on the notes or gave the Canal Bank credit therefor, to have put them upon inquiry as to whether that bank owned the notes; and thus brought the case clearly within the decision of Mr. Justice HAND in Van Amee v. TheBank of Troy (8 Barb., 312).
And I am satisfied the defendants were not justified by the facts in coming to the conclusion that the Canal Bank owned the notes at the time they received the money on them and gave that bank credit therefor. But we cannot so hold by reason of the manner the cause was disposed of at the circuit.
The action must have been commenced by attachment, because the defendants are a foreign corporation. But we must presume the plaintiff is a resident of this State; for there is nothing in the case to show the contrary; and if he was not a resident of the State when the action was commenced, the defendants should have moved on affidavits and notice to set aside the proceedings in it, instead of answering the complaint.
The position taken by the defendants' counsel that the plaintiff could not maintain the action because his assignors were a foreign corporation and could not commence an action *Page 456 
by attachment against the defendants in the Supreme Court of this State is clearly untenable. Besides this question was not within the issues tried; and it should have been raised by motion founded on affidavits.
The point raised by the defendants' counsel, that the plaintiff should have demanded the money in question of the defendants before bringing the action, is answered by the fact that The Farmers' and Mechanics' Bank had demanded the notes of them, and they had refused to deliver them up, and had appropriated the money they received thereon, to their own use before that bank assigned their claim for the money to the plaintiff, and he took that bank's right of action for the money by the assignment, as well as its title to the money itself. (McKee v. Judd, 2 Kern., 622.) But no demand of the money was necessary after they had appropriated it to their own use and had notice that it belonged to the Farmers' and Mechanics' Bank. It then became the duty of the defendants to remit it to that bank, and as they did not do so the plaintiff, as assignee of that bank, rightfully brought this action. (Stacy v. Graham, 4 Kern., 492;19 N.Y., 267.)
There is no other question in the case worthy of notice. The judgment of the Supreme Court should be affirmed, with costs.
SELDEN, J. All the questions presented in the briefs of counsel have been examined, although strictly, there is nothing in the case for this court to review, beyond an exception taken to the admission of the assignment of the claim against the defendants, from the Farmers' and Mechanics' Bank to the plaintiff in evidence on the trial, on the ground that as the bank being a foreign corporation could not maintain an action on said claim in this State against the defendant, another foreign corporation, it could not, by an assignment to the plaintiff, confer upon him a right of action. (22 N.Y., 425.) No exception was taken to the denial of the motion for a dismissal of the complaint, nor to the ordering of a verdict for the plaintiff, subject to the opinion of the court, nor to the direction *Page 457 
of the general term that judgment should be entered on the verdict.
The defendant, however, has lost nothing by failing to except. The undisputed facts show that there was no defence to the plaintiff's claim. The notes belonged to the Hartford Bank. The Canal Bank had no claim to them except as the agent of the Hartford Bank. The defendant could get no right to them through any act of the Canal Bank, according to our law, unless such right was obtained as a bona fide purchaser for value, and there is no pretense that the defendant parted with anything, or gave any credit on account of them. Short of doing one of those things, it could not, in this State, be regarded as a bona fide
purchaser or holder, so as to exclude the legal or equitable claims of other parties. The rule in the United States courts is known to be more favorable to the person receiving such paper, but not, I think, sufficiently so, to furnish to the defendant any defence on the facts of this case. The law of Ohio would probably govern the case if it were before the court, but that not having been proved, the presumption is that the law there corresponds with ours; or the court in the absence of allegations and proof of the for eign law will apply our own law to the case. (1 Cow., 103; 2 Hill, 202, and note, a; 1 Seld., 347; id., 447; 1 Pick., 417, and note, 1).
It was not necessary for the plaintiff to demand the notes or the money after the assignment to him. The right of action was complete by the demand made by the bank, and that perfect right of action passed to the plaintiff on the assignment to him.
Nor is there any doubt that the bank had a right to assign the demand. A chose in action against a foreign corporation is not rendered unassignable by any provision of the statutes of this State. Probably an action against a foreign corporation, could not properly be brought in our courts by a non-resident of the State, unless the cause of action arose or the subject of the action, were situated within the State. (Code, § 427; 4 Abb., 72;S.C., 13 How., 316.) The inability to *Page 458 
maintain an action does not, however, create an inability to assign the demand either to a resident or non-resident of this State, and such assignment in either case would transfer the entire cause of action. In the former case the assignee could maintain an action in our courts, on the demand, in the latter he could not. It is insisted, on the part of the appellant, that "the plaintiff being the assignee of a foreign corporation, can stand in no better position than his assignor." This is true, so far as relates to the cause of action. The assignee takes the cause of action which the assignor had, and no other. If the assignor had no cause of action against the defendant, the assignee acquires none. The defence, however, which is here urged does not touch the cause of action, but only the right of the party to prosecute in our courts a conceded cause of action. That right, depending upon the residence of the plaintiff, and not upon the right of action, the plaintiff, being a resident, can maintain the action when his assignor could not. There was no proof in regard to the plaintiff's residence at the time of the commencement of the action, but if his non-residence was relied upon as a defence, the burden of proof, on that subject, rested on the defendant.
It is insisted that the assignment was merely colorable, and a fraud upon the statutes of New York. There is nothing in the case to show that when the assignment to the plaintiff was made, he was a resident of New York, or if he was, that the assignor was informed of that fact. In the absence of either of those facts, it is clear that no fraud upon the statutes referred to could have been intended. Fraud is not to be presumed, and if there was any evidence from which it could be inferred, the defendant should have asked to have that question submitted to the jury. This objection to the recovery rests upon the position that fraud was conclusively shown. Clearly, it was not so shown, or even presumptively.
But if it had appeared that the object of the transfer of the cause of action was to obviate this objection to the person of the plaintiff, it would not have been a fraud, either against the statute or the defendant. All that the statute requires is that *Page 459 
the plaintiff shall be "a resident of this State" (Code, § 427), and if he has a valid cause of action against the defendant, his motives in obtaining it cannot be inquired into.
I am inclined to the opinion that the objection came too late and was waived by full appearance in the action, but it is not necessary to decide that question. (27 Barb., 337; 4 How. Pr., 275; 7 id., 238; id., 516.)
It is further objected that there has been a mis-trial, because the case was not one in which the court was authorized to direct a verdict, subject to the opinion of the court at general term. The language of the statute is: "When, upon the trial, the case presents only questions of law, the judge may direct a verdict subject to the opinion of the court at the general term." (Code, § 265.) The defendants' counsel claims that "such direction is proper only when the facts are uncontroverted. Whether they are so or not must depend upon the parties or their counsel. They are not uncontroverted if the parties choose to controvert them. Hence such course can only be taken by consent." This is not the true construction of the statute. Whether the case "presents only questions of law" does not depend on the choice of the parties or their counsel, but upon the evidence. Whenever the facts constituting a cause of action, or defence, are so clearly proved by either party as to justify the judge in directing a verdict absolutely in favor of such party, he may, if the legal questions involved are of sufficient importance and difficulty to justify that course, direct a verdict subject to the opinion of the general term, although counsel may controvert such facts. Of course this cannot properly be done where any essential fact is left in actual doubt by the evidence. I do not think this point, even in such a case, would be available where no objection was made to the direction. (18 N.Y., 392; id., 558.)
The judgment of the Supreme Court should be affirmed.
All the judges concurring,
Judgment affirmed. *Page 460