## The American Exchange Bank vs. Corliss.

The defendant made his promissory note for $1000, for the accommodation of R. C. & Co. without any consideration and for the purpose of being discounted for the benefit of B. C. & Co. upon an agreement that it should be paid by them. B. C. & Co. transferred the note to a bank as collateral security for a loan, which loan was afterwards paid, but the note remained in the possession of the bank. B. C. & Co. failed, and having overdrawn their account with the bank about $6000, they addressed a note to the bank, requesting that all notes they had deposited, for collection or as collateral security, might be held by the bank as collateral security for notes of the firm discounted or to be discounted.

*Held* that the bank parted with nothing, gave no credit, relinquished no security, and assumed no responsibility on the faith of the note, and was not a *bona fide* holder, nor entitled to recover the amount thereof, of the defendant.

A holder of a promissory note not yet due, if he has paid a present valuable consideration, gets a good title to the note, although the person from whom he took it had none. But payment of, or security for, an antecedent debt is not such a consideration.

APPEAL by the defendant from an order denying a motion for a new trial, made upon the minutes of the judge. The trial was had before Hon. Justice LEONARD and a jury, in June, 1863. The principal question in the case, is as to the right of a party who has received a promissory note from the payee and indorser as collateral security for a loan, to hold it after the loan is paid, against the accommodation maker, (who parted with it upon the agreement that it should be used only as collateral to the loan,) and apply it by virtue of his lien as banker or otherwise, to the payment of a general balance due him from the payee.

The defendant was a clerk of Blashfield, Clark & Co., who failed March 10, 1857. He made the note in suit to their order, and for their accommodation, "on an agreement that they should take care of it, and that they should *use it only* as collateral for a thousand dollar note, to be discounted for them by the bank." On the 6th day of February, 1857, the note in suit was accordingly *attached* with three other notes, as collaterals to the $1000 note, which was thus sent to the plaintiffs, and by them discounted. The $1000 note was actually paid to the plaintiffs, out of the proceeds of

the three other notes, attached to it with the note in suit as collaterals, before this action was commenced. On the day of the suspension of Blashfield, Clark & Co. (neither the $1000 note, nor the note in suit, having as yet matured,) they signed and delivered to the plaintiff the following agreement, drawn by the paying teller.

"*New York, March* 10, 1857.

*To the President and Directors of the American Exchange Bank* : Gentlemen : Please hold any notes now in your possession as collaterals or for collection, or that we may hereafter deposit in your bank for collection or as collaterals, as collateral security for the payment of any notes you have discounted, or may from time to time discount for our
BLASHFIELD, CLARK & Co."

When this agreement was signed, Blashfield, Clark & Co. had overdrawn their account some $6000. After this the plaintiffs did not discount any paper for, or advance any money to, or pay any checks of, or otherwise part with any value for Blashfield, Clark & Co., or for their benefit.

The judge directed the jury to find a verdict for the plaintiff for $895.65, the amount of the note and interest ; and they found accordingly.

*Elial F. Hall*, for the appellant.

*A. Boardman*, for the respondent.

*By the Court*, GEO. G. BARNARD, J. As between Blashfield, Clark & Co. and the defendant, the note in question would have sustained no action. It was lent by the defendant without any consideration, and for the purpose of being discounted for the benefit of that firm, and under the agreement that it should be paid by them. It was transferred as collateral security to the plaintiff for a loan of $1000, which loan was paid. The note remained in the possession of the

plaintiffs, after the loan was paid, until Blashfield, Clark & Co. failed in business. At the time of their failure they had overdrawn their account with the plaintiffs' bank about $6000, and on the day of their failure they gave the bank a notice in writing requesting that all notes they had deposited for collection or as collateral security might be held by the bank as collateral security for notes of the firm discounted or to be discounted. No new note was in fact discounted, that date, for Blashfield, Clark & Co.

As a general rule, no one can transfer a better title to personal property than he has in it. As to promissory notes not yet due, there is an exception. A holder of such a note, when he has paid a present valuable consideration gets a good title, although the persons from whom he took it had none. Payment of, or security for, an antecedent debt is not such a consideration. (*McBride* v. *The Farmers' Bank*, 26 *N. Y. Rep.* 450.)

The plaintiffs parted with nothing, gave no credit, relinquished no security, and assumed no responsibility on the faith of this note, and were not *bona fide* holders thereof. (*Coddington* v. *Bay*, 20 *John.* 637. *McBride* v. *The Farmers' Bank*, 26 *N. Y. Rep.* 450.)

The judgment should be reversed, and a new trial granted, with costs to abide the event.

[NEW YORK GENERAL TERM, April 2, 1866. *Geo. G. Barnard, Ingraham* and *Sutherland,* Justices.]