By the Court, Geo. G. Barhard, J.
As between Slash? field, Clark <fe Co. and the defendant, the note in question would have sustained no action. It was lent by the defend? ant without any consideration, and for the purpose pf being discounted for the benefit of that firm, and under the agree? ment that it should he paid by them. It was transferred as collateral security to the plaintiff for a loan of $1000, which loan was paid. The note remained in the possession of the *21 plaintiffs, after the loan was paid, until Blashfield, Clark & Co. failed in business. At the time of their failure they had overdrawn their account with the plaintiffs’ bank about §6000, and on the day of their failure they gave the bank a notice in writing requesting that all notes they had deposited for collection or as collateral security might be held by the bank as collateral security for notes of the firm discounted or to be discounted, ifo new note was in fact discounted, that date, for Blashfield, Clark & Co.
[New York General Term,
April 2, 1866.
As a general rule, no one can transfer a better title to personal property than he has in it. As to promissory notes not yet due, there is an exception. A holder of such a note, when he has paid a present valuable consideration gets a good title, although the persons from whom he took it had none. Payment of, or security for, an antecedent debt is not such a consideration. (McBride v. The Farmers’ Bank, 26 N. Y. Rep. 450.)
The plaintiffs parted with nothing, gave no credit, relinquished no security, and assumed no responsibility on the faith of this note, and were not bona fide holders thereof. (Coddington v. Bay, 20 John. 637. McBride v. The Farmers’ Bank, 26 N. Y. Rep. 450.)
The judgment should be reversed, and a new trial granted, with costs to abide the event.
Geo. G. Barnard, Ingraham and Sutherland, Justices.]