Folger, J.
 

 The plaintiffs never in fact parted with the ownership of the note to Van Saun & Son; but, by their indorsement of it, they did give the apparent title of it to Van Saun & Son. It is the law in this State that where persons in the business of banking and collecting send to their correspondents or agents, in the regular course of business of receiving and sending notes between them for collection for mutual account, business paper received from customers for collection, the agent or correspondent acquires no
 
 *442
 
 better title to it or to its proceeds than was owned hy the one transmitting it, unless there is a
 
 Iona fide
 
 purchase of it for value or advances made upon it in good faith, without notice of any defect in the title. (See
 
 McBride
 
 v.
 
 Farmers’ Bank,
 
 26 N. Y., 450;
 
 Com. Bank
 
 v.
 
 Marine Bank,
 
 1 Trans. App., 302.) If the property in the note, without purchase or advance, 'is to vest in an agent or correspondent for collection, he must become absolutely responsible to his principal for the amount.
 
 (Scott
 
 v.
 
 Ocean Bank,
 
 23 N. Y., 289.) An obligation to become thus responsible can be established only by a contract to be expressly proven or inferred from an unequivocal course of dealing. (Id.) There was in the case in hand no express contract as to this note. On the contrary, one of the defendants testifies that they “never made any arrangement with Yan Saun
 
 &
 
 Son to take the note, nor to buy it at any price.” Hor can it be inferred from the unequivocal course of dealing between them, that the defendants were to become responsible for the amount of it. The note was never credited to Yan Saun & Son by the defendants. It was held by them until the day of its maturity, when it was paid by the maker, and the money received was credited, and for that money the defendants became responsible. Ho note was ever credited in any way until payment made, and then the avails were credited.
 

 It is true that the defendants had sent forward to Yan Saun & Son drafts for the defendants’ credit, and that they were sent in anticipation of collections; but no remittance was in anticipation of the collections of any particular note, even if such remittance would have availed to defendants’ benefit. The drafts were sent, to be put to the credit of the defendants as a general remittance in account current. It is not to be inferred from the course of business between Yan Saun & Son and the defendants, as shown by the testimony, that had the maker of this note refused or omitted to pay the same, and Yan Saun & Son had continued solvent, the defendants would have been obliged to seek their reimbursement for remittances made, from the maker and indorsers of the note.
 
 *443
 
 The note would have been protested, according to the direction to that effect, contained in the letter in which it was transmitted for collection, and the defendants would have sought from Van Saun & Son immediately, payment of any balance of indebtedness.
 

 It cannot be held then, in view of the decisions above cited, that from this course of dealing the defendants became the owners of such notes as were in their hands at the time of the failure of Van Saun
 
 &
 
 Son, or of the proceeds of such as had been paid, to which notes or proceeds Van Saun
 
 &
 
 Son had no title as against their principals, the real owners.
 

 The judgment appealed from should be reversed, and a now trial ordered, with costs to abide the event.
 

 All concur.
 

 Judgment reversed.