Folger, J.
From the findings and the testimony, the agreement of the parties was this: The plaintiff, upon depositing the check with the defendant and paying the one-eighth of one per cent, was to have immediate credit for the amount of it, liable to have that amount charged against him if the check should not be paid if duly presented. The defendant received the check from the plaintiff, not as becoming the owner of it (Dickerson v. Wason, 47 N. Y., 439), but as his agent, for a compensation, to collect it. For this compensation, and the further consideration that he was one of its customers, the defendant agreed that it would, in a reasonable time, take the check to the banking house of the drawee at Portchester, and there demand the money to be paid upon it, which, if paid, it would bring back to its own counter, in discharge of the plaintiff’s liability; or, if it -was not then paid, that it would, in a reasonable time, inform him thereof. It *491 did neither. It employed the means of the public mails. It was not negligent in so doing. They are the customary agency in such matters, and are mostly efficient. Hence the loss of the cheek was not chargeable to the defendant, as the result of its careless act. But it was negligent in not sooner knowing that the check had been lost, and in not sooner notifying the plaintiff thereof. It is shown that if the letter mailed on the second of the month had reached Portchester on that day, as it should have done, an answer should have been mailed from there on the third, and should have reached the defendant on the fourth. It did not so turn out. The defendant was without information from the fourth until the sixteenth of the fate of this check, and it made no effort at specific information concerning it during that time. As a consequence it gave no notice to the plaintiff.
It is not necessary to decide in this case whether, after the loss of the check was discovered, the defendant had not the further duty of making presentment of the check as a lost instrument, with a tender of indemnity, and thus demanding payment and giving notice of non-payment. There was negligence, as we have shown. If the plaintiff sustained loss thereby, the defendant is liable to him, and must respond if not excused in some way known to the law. It cannot be questioned that the plaintiff sustained damage from the negligence of the defendant. Had he known, on the fourth of the month, of the loss of the check and of its non-payment, he could have taken steps to avoid loss; and from the condition of the drawer of the check and the state of his bank account about that time, the presumption is that the plaintiff could have obtained payment of the check. If the defendant had learned of the loss on the fourth, and given the plaintiff at once an unconditional notice thereof, he would have been in a position to have averted loss; but it gave him no notice until the eighteenth, and then in such manner as to induce belief on his part, that it was still proceeding to perform its agreement to collect, and to warrant reliance by him thereon. It is possible, that had the plaintiff *492 been informed by the defendant on the eighteenth that he must protect himself, he might then have done it. The drawer of the check had with the drawee, until the morning of the twentieth, funds enough to meet it. But the credit of the plaintiff with the defendant for the amount of the check was still kept up, and he allowed to draw down his account below that amount; and the intimation to him, of a resort to his liability for the reimbursement of the defendant, was th,at in a reasonable time after the eighteenth it should ask him for a duplicate of the check. The presumption is from the testimony, that at no time after the twentieth was the drawer of the check solvent.
But it is claimed that the plaintiff suffered no loss, for the reason that the drawer of the check paid him the amount of it. The drawer did, after the loss of the check was known to the plaintiff, place in his hands enough to pay it. The drawer gave no direction for the application, further than that it should be for the benefit of the plaintiff. It was a matter of indifference to the drawer what application was made, if it diminished any indebtedness from him. The plaintiff, when the money was received, made no specific appropriation. If he had distinct causes of indebtedness, he was not obliged immediately to designate where it should be applied. He then would have a reasonable time in which to elect. (Sheppard v. Steele, 43 N. Y., 52.) He did, in a reasonable time, make an election to apply it toward payment of other unpaid and protested checks drawn by Merritt, and held by plaintiff. But this it is claimed that he could not do, because Merritt was not then indebted to him thereon; that the only indebtedness was on the lost check ; and that where there is but a single indebtedness, by operation of law, any payment is at once applied upon that. This conclusion would follow if the premises were correct. To maintain that Merritt was not indebted to the plaintiff on these latter checks, it is asserted, that they had not yet been presented to the drawee and returned unpaid, and it is claimed that until the occurrence of these facts no liability arose against Merritt upon them. *493 This puts out of sight the fact, that neither had the lost check been presented and returned unpaid. If it was an indebtedness, it was because it had been made and delivered, and had not been paid. The other cheeks were its equals in these respects, and if the law was to make application only upon indebtedness, they had equal claim upon its consideration. Moreover, it appears as fact, that the liability of the drawer upon the latter checks had been fixed. It is found that they had been protested; that Merritt was liable upon them, and that the plaintiff held them. It is also found that the plaintiff had not received notice of their dishonor. But this negative does not avail against that affirmative. Merritt was legally liable. When a wrong has been committed, or a breach of duty has occurred, the cause of action has accrued, though the claimant may be ignorant of it. (Battley v. Faulkner, 3 B. & Ald., 288; Howell v. Young, 5 B. & C., 259.) The plaintiff held an enforceable demand against him. Though plaintiff was ignorant of it, the facts and the law made an existing indebtness upon these latter checks. ■ The defendant claims that the law made an appropriation on the lost check. And why? Because that was an indebtedness, and the only one. But the facts show an indebtedness from a different cause, equally entitled to the appropriation from the operation of law. And though the plaintiff may not, at the instant, have known them, yet the law took cognizance of them, and so made no appropriation. It was the right of the plaintiff to make it.
The next position taken is, that though the lost check has never been presented, yet Merritt has never been discharged from his liability upon it, and that the plaintiff, at any time after notice of the loss, might have made presentment of it as a lost instrument, and on refusal of payment, have had his action. As Merritt, very soon after the notice was given to the plaintiff, became insolvent, an action would have been bootless. Besides, as has been already noticed, the action of the defendant toward the plaintiff was such as to induce in him inaction and a reliance upon the- measures for collection *494 which it was taking and a belief that it did not look to the plaintiff for reimbursement. It is true, the lack of presentment and protest did not discharge Merritt, he having withdrawn all his funds from the drawer. His liability still remained, and so far the plaintiff was not harmed. But the relations of the plaintiff and defendant were such as that more prompt notice and a more decided position was due from the latter, if the former was to be charged with the duty of affirmative action. And the plaintiff was harmed by the want of it, if he is now to be held liable for the check.
It is next argued that Merritt was solvent for some time after the notice to the plaintiff, and that the latter did nothing to protect himself. The considerations stated, in treating of the last point, afford an answer to this.
The claim that the plaintiff waived the negligence of the defendant by concerting with its cashier to get from Merritt a duplicate check, and by agreeing to a dilatory course proposed by the cashier, has no basis in the findings of fact. This court cannot look into the testimony for facts on which to reverse, or on which to affirm a judgment of reversal. A request was made of the trial court, to make a finding on the subject. But it was a request to find such action by the plaintiff on a specific day. The court declined to find. It did not commit an error. There was not conclusive and uncontradicted testimony" to that end.
The order of the General Term should be reversed, and the judgment for the plaintiff entered on the decision of the trial justice should be affirmed, with costs.
All concur.
Judgment affirmed.