LAWRENCE DRAKE, RESPONDENT, *v.* JOHN HENRY SMITH AND BENJAMIN S. NELSON, APPELLANTS.

*Cause of action for conversion of personal property — assignment of.*

A cause of action arising from the conversion of personal property is capable of assignment, and the assignee thereof may maintain an action to recover damages therefor in his own name.

APPEAL from an order made at Special Term denying motions made by the defendants respectively to vacate orders directing their arrest. The action was brought to recover damages for the conver-sion by the defendants of a horse belonging to one Barremore. Barremore had, subsequent to the conversion, and after he had demanded the horse from the defendants, assigned to the plaintiff his claim and demand against the said defendants for damages for the conversion. The principal question was as to whether or not such a cause of action was assignable.

*H. C. Place*, for the appellants.

*James E. Chandler*, for the respondent.

DANIELS, J.:

It has been urged in support of this appeal, that a cause of action for damages for the conversion of personal property cannot be so effectually assigned, as to allow the assignee to maintain a suit for their recovery in his own name. In the case of *Zabriskie* v. *Smith* (3 Kernan, 322), which was for damages for deceit, it was conceded to be the law, on a very thorough examination of the authorities, that causes of action which would survive to the personal represen-tatives of a deceased person were assignable. (Id., 334.) A demand for the conversion of personal property is one of that description, and has been declared to be so by statute, and the only exception made to the generality of the provision upon this subject is that it shall not extend to actions for slander, libel, assault and battery, false imprisonment or for injuries to the person of the plaintiff or of the testator or intestate, or of any executor or administrator. (3 R. S. [5th ed.], 746, §§ 1, 2.) The result is that this demand vas assignable within that rule, for it was for a wrong only to the property of the assignor, as that term has been used in this statute, and in case of the decease of the assignee it would have survived to his personal representative. (*McKee* v. *Judd*, 2 Kernan, 622; *McBride* v. *Farmers' Bank*, 26 N. Y., 450.) Whatever question or doubt formerly existed upon this subject has finally been settled against the position now taken in favor of the defendant. *Ward* v. *Benson* (31 How., 411), cited by their counsel, is really an

authority against their present position. The order should be affirmed, with ten dollars costs and disbursements on appeal.

DAVIS, P. J., and BRADY, J., concurred.

Order affirmed, with ten dollars costs and disbursements.