SPENCER ERVIN AND OTHERS, APPELLANTS, *v.* THE OREGON
  RAILWAY AND NAVIGATION COMPANY AND OTHERS,
  RESPONDENTS.

*Foreign corporation — when it may be sued here by a non-resident — Code of Civil
  Procedure, sec. 1780 — Supplemental complaint by the assignee of one incompetent
  to sue — leave to file it will be denied.*

Since the adoption of section 1780 of the Code of Civil Procedure, a foreign cor-
  poration can only be sued by a non-resident in one of the cases mentioned
  therein.

In an action brought against a foreign corporation upon a cause of action not
  arising within this State, the complaint was dismissed as to all the non-resident
  plaintiffs and continued as to the others.   Subsequently all the non-resident
  plaintiffs and other stockholders of the corporation assigned the greater part
  of their stock to one Fahnestock, a resident of this State, to enable him to
  enforce for their benefit the rights incident thereto.   Thereafter the plaintiffs
  applied for leave to file a supplemental complaint and make Fahnestock a
  party plaintiff.

*Held,* that the application was properly denied; that the assignment could not
  have the retroactive effect of creating the right to enforce a cause of action
  which did not exist in favor of the assignors when the suit was commenced
  by them.

APPEAL from an order made at a Special Term, denying a motion
for leave to file a supplemental complaint bringing in a new party
plaintiff.

*Thomas H. Hubbard,* for the appellants.

*Artemus H. Holmes,* for the respondentss.

BRADY, J.:

This action was commenced in May, 1880, by certain stockholders
of the Oregon Steam Navigation Company for themselves and on
behalf of other stockholders similarly situate.   The object of the
action was to compel the Oregon Railway and Navigation Company,
which has its offices and conducts its financial business in New York
city, to account to the plaintiffs on some just basis for their prop-
erty, which it has taken and refuses to pay for.   That company, it
is claimed, was organized by a clique of individuals who proceeded
to get control of more than four-fifths of the stock of the Oregon

Steam Navigation Company and to absorb its assets, and, to use the language of the appellants' counsel, to freeze out the minority stockholders who did not belong to their circle; to accomplish which the clique made themselves and their friends officers of the company, made the new company take their stock in the old company at rates equivalent, it is said, to upwards of one hundred and sixty cents for the dollar, which was probably not far from its intrinsic value, and then went through the form of selling out all the assets of the old company to the new one — in other words, of selling to themselves — at a price which would make the old stock worth forty-six cents on the dollar; and they thereupon offered the minority stockholders forty-six cents on the dollar on condition of the surrender of their stock certificates, and announced that no transfers of stock would thereafter be made on the books of the company. The minority stockholders, whose property was thus in effect confiscated, as claimed, lived in different States remote from Oregon, where the commercial operations of the two companies were conducted.

The issues presented by the pleadings, as claimed on behalf of the defendants, involved the complete history of the transactions between the two corporations relating to the internal management of their affairs, the plaintiff seeking to have declared void the sale by the Oregon Steam and Navigation Company, acting by its board of directors and a large majority of its stockholders, of all its property and franchises to the Oregon Railway and Navigation Company.

The trial of the action was begun in October, 1881, at the Special Term of this court. Upon the plaintiff's opening and the pleadings, the defendant moved to dismiss the complaint on the ground that the defendant was a foreign corporation, and that all the plaintiffs, save one, were non-residents of the State of New York, and that the resident plaintiff was not a stockholder who was registered as such on the books of the Oregon Steam Navigation Company. The motion was granted as to all the non-resident plaintiffs only. The learned justice presiding in the court below, in delivering his opinion, said, in respect to the non-resident plaintiffs: " The complaint must be dismissed for the reason that as to them the complaint does not make out a cause of action which brings this action within the provisions of either of the subdivisions of section 1780

of the Code of Civil Procedure." In this view the learned justice did not err, for whatever may have been the power of a court of equity heretofore, in cases of fraud and breaches of trust or contracts, wherever the person of the defendant might be found, although property beyond the jurisdiction of the court might be affected by the judgment to be rendered, in reference to an action by a non-resident against a foreign corporation, the Code has limited the jurisdiction of the courts, by the section mentioned, to cases only where the action is brought to recover damages for the breach of a contract, made within the State or relating to property situate within the State at the time of the making thereof, or where it is brought to recover real property situate within the State or a chattel which is replevied within the State, or where the cause of action arose within the State, except where the object of the action is to affect the title to real property situate without the State.

The language of the section at its commencement is, "an action against a foreign corporation may be maintained by another foreign corporation, or by a non-resident in one of the following cases only." The case in hand is not within any one of the subdivisions mentioned. It is for that reason that the learned judge in the court below said that the complaint did not make out a case within the provisions of either of the subdivisions of the section of the Code mentioned.

Section 427 of the Code of Procedure is substantially the same as the section already mentioned of the Code of Civil Procedure, except that the cases in which an action may be instituted by a non-resident against a foreign corporation are increased; although in the latter section · the word only is used and it has thus more explicitly limited the cases in which the court should have jurisdiction. Under section 427 it was held to be essential to the jurisdiction of the court over a foreign corporation that either the plaintiff should be a resident of the State, or the cause of action should have arisen, or the subject of the action should be situated in it (See Wait's Annotated Code, p. 778 and cases cited; see also 2 Wait's Pr., p. 131 and cases collected). Although it is claimed by the appellants that the defendants have waived the question of jurisdiction by a general appearance in the action, it is quite clear that the proposition cannot be maintained, because the question of

jurisdiction may be interposed at any time ; and in the answer of the defendants it is set out distinctly as a defense that the several causes of action in the complaint set forth did not arise in this State, that the subject-matter of the action is not in the State, and that the court has no jurisdiction of the subject of the action.

The decision of the Special Term, therefore, on the dismissal of the complaint, was correct, for the reason assigned as already suggested, if it be necessary to pass upon that question now, in order to determine the appeal under consideration.

Subsequently, the non-resident plaintiffs assigned the bulk of their stock, and stockholders also who were not parties to the action made absolute assignments of their stock, for the purpose of enabling the assignee to enforce for their benefit the rights incident thereto, and to make him the owner of the legal title, and at the same time the trustee of an express trust, accountable to the assignors. A motion was then made by the plaintiffs, with the concurrence of the assignee, for leave to file a supplemental complaint herein. The papers upon which the application was founded show that the plaintiffs, as to whom the complaint had been dismissed by the court on the trial, had assigned and transferred their stock to Mr. Fahnestock absolutely and as trustee to prosecute this suit for them ; or, in other words, establish the fact that the assignee has acquired all the interest which he now has since the trial of the action was begun. And it also appears that, when the application was made to Judge Van Vorst, before whom the trial took place, he directed it to be presented to the Special Term, where it was disposed of adversely to the applicants, Justice LAWRENCE holding that the decision of the Special Term was to the effect that Fahnestock had no cause of action in this State at the time this action was commenced ; that is to say, that as the non-resident plaintiffs, of whom he was the representative, or from whom he derived title to the stock, had no right of action in this State, none could be conveyed to him so that he could continue this suit, whatever power he might have to commence an original action under and by virtue of his assignment. And the learned judge said :

" It seems to be anomalous to say that they can create a cause of action by assigning their stock to a third party, and that he can avail himself of the proceedings in an action in which his assignors

had been defeated." And he cited the case of *Wisner* v. *Ocumpaugh* (71 N. Y., 117), in which the Judge said :

"The rights of the parties must be determined at the commencement of the action. Although an equitable defense is allowable to a legal action, it does not, when interposed, change the character of the action nor authorize transactions subsequent to the commencement of the action to be shown to affect the rights of the parties to the action as they existed when it was commenced." And he said further: "If I were to grant this motion I should materially change the rights of the parties to this action as they existed when it was commenced."

From the order denying this application this appeal is taken.

The provisions of section 1780 of the Code, to which reference has already been made, seem to dispose of this appeal. The action, as originally brought, could not be maintained by the plaintiffs other than the resident plaintiff, as to whom it was retained, and it is not possible by an assignment after the complaint has been dismissed as to them to revive the action, giving to the assignment the retroactive effect of creating the right to enforce a cause of action which did not exist at the time when the suit was commenced by the assignors. There is no doubt that a claim against a foreign corporation by a non-resident can be assigned to a resident of this State for the express purpose of enabling him to sue and thus to avoid the disability which would otherwise exist. (*McBride v. The Farmers' Bank of Salem*, 26 N. Y., 450 ; *Petersen* v. *Chemical Bank*, 32 id., 40–48.) But this principle does not aid the appellants, inasmuch as they were not assignees at the time of the commencement of the action.

No case has been found in which such a practice as contended for herein has been allowed, and it is supposed that no adjudication will be found in its favor. Section 544 of the Code of Civil Procedure and section 177 of the Code of Procedure, both provide that upon the application of the plaintiff the court may, in a proper case, permit him to make a supplemental complaint alleging material facts which occurred after his former pleading, or of which he was ignorant when it was made. And it has been declared in this department that the facts alleged in the supplemental complaint are, in all cases, to be material to the case, *i. e.*, to the case made

against the defendant in the pending action. (*Corbin* v. *Knapp*, 5 Hun, 197.) And it was said to be a well settled rule of pleading that the matter of a supplemental complaint or answer must be consistent with and in aid of the case made by the original pleading, and that it cannot make a different case. (2 Wait's Pr., 471, and cases cited.)

For these reasons we think the order appealed from should be affirmed.

DANIELS, J., concurred.

Present — BRADY, P. J., and DANIELS, J.

Order affirmed.