The findings of fact and conclusions of law and the opinion of the learned justice in the court below are as follows:
*558 First. That plaintiff is a banking association, duly incorporated under the Laws of the state of New York, and carrying on business in the city of New York, and the defendant is a banking association incorporated under the laws of the United States, and carrying on business at Lancaster, Pennsylvania.
Second. That on the 18th day of July, 1884, the defendant, at said Lancaster, drew a bill of exchange in writing, and directed the same to the First National Bank at the city of New York, and thereby required the said First National Bank to pay to Loftin Love, cashier, or order, the sum of $1,870, and sent the same to the plaintiff by mail.
Third. The said Loftin Love was then plaintiff’s cashier, and said draft was made payable to said Love, as such cashier, and not to him individually, and the same was in reality payable to the plaintiff.
Fourth. That said draft was drawn for the special purpose of paying a check drawn by Mary 0. Melson, executrix, on defendant, payable to the order of John J. Cameron, for the sum of $1,871.84, and bearing date July 9th, 1884, and was drawn for no other purpose.
Fifth. That on the 14th day of July, 1884, said check was the property of John J. Cameron, of Indianapolis, Indiana, and was in his possession, and oh that day he endorsed the same in blank and delivered it to the firm of A. & J. C. S. Harrison, of said Indianapolis, then doing business there as bankers, for collection, and received no consideration therefor, said firm receiving the said check for collection only.
Sixth. That said firm indorsed said check in the following words: “Pay to Loftin Love, Cr., or order, for collection, amount of A. & J. 0. S. Harrison, Indianapolis, Ind.,” and sent the same to the plaintiff by mail with other inclosures in a letter addressed to said Love, and dated Indianapolis, July 15, 1884, the body of which letter, including the signature, was printed, and was in the following words: “ Dear Sir: Your favor of , with inclosures, received. We inclose for credit as stated below. Respectfully yours, A. & J. C. S. Harrison,” at the foot of which was the following in writing:
Farmers’ National.......... $1,871 84
Sperry, B..................................... 6,755 98
Verbach....................... 1,199 63
Total..................................... $9,827 45
Seventh. That plaintiff endorsed said check to defendant’s cashier for collection, and sent the same to defendant for *559 payment, whereupon the said draft was drawn for the purpose of paying said check.
Eighth. That said Harrisons failed and suspended payment on the seventeenth day of July, 1884.
Ninth. That immediately after learning of said failure said Cameron, through said Mary C. Melson, requested defendant not to pay said check. That said draft had already been drawn and mailed to plaintiff.
Tenth. That subsequently, and before said draft was presented for payment, said Cameron, through said Mrs. Melson, requested defendant to stop payment of said draft, and pursuant to said request defendant notified the said First National Bank not to pay said draft, and said draft has not been paid.
Eleventh. That said check was returned by defendant to the drawer thereof, said Mary C. Melson, and was charged to her upon her account with defendant, upon which said check was drawn.
Twelfth. That said check was received by plaintiff on the 17 th day of July, 1884, and at that time and for several years prior thereto plaintiff had an account current with said Harrisons, and upon receiving said check credited the amount thereof upon said accomit.
The plaintiff kept only one form of account with said Harrisons.
Thirteenth. That neither Mary C. Melson individually or as executrix, nor John J. Cameron, were known to plaintiff at the time said check was received by plaintiff.
Fourteenth. That said check was so credited on said account, upon condition that if not collected it should be charged back to said Harrisons upon said account, and it was so charged back to said Harrisons upon said account,. on refusal of payment of said draft.
Fifteenth. That at the commencement of business on the 17th day of July, 1884, there was a balance to the credit of said Harrisons on said account.of the sum of $4,169.54; that on the same day the further sum of $8,306.96 was placed to the credit or said Harrisons on said account in addition to the amount of said check.
Sixteenth. That plaintiff paid certain drafts and certified a check for account of said Harrisons on said 17th day of July, 1885, but the amount of such payments and certification was less than the amount of said credits, not including the check in question, and there were no other payments or advances made by plaintiff on account of said Harrisons after receipt of said check and said certification and payments were not made by plaintiff on account of any particular item of commercial paper remitted to plaintiff by said Harrisons, but only upon general account.
*560 First. That at the time of the commencement of this action plaintiff was not the owner of the check in question, or its proceeds, and defendant was not indebted to plaintiff on account of said check in any sum whatever.
Second. That plaintiff was the agent of Cameron in the collection of said check, and Cameron was authorized to revoke such agency, and to direct the defendant not to pay the same or its proceeds to the plaintiff.
Third. That the debt represented by said draft was not due to, and did not belong to the plaintiff, and plaintiff, at the time of the commencement of this action, was not entitled to receive payment of the same, and said draft was then void and of no effect in plaintiff’s hands.
Fourth. That defendant is entitled to judgment for the dismissal of the complaint on the merits, with costs.
Lawrence, J.
I am of the opinion that there should be judgment for the defendant. Cameron delivered the check to the Harrisons for collection, and it was transmitted by them to the plaintiff also for collection. Cameron did not part with his title to the check or to its proceeds, and he could, as owner, if the draft had been paid, demand the payment of the money directly from the plaintiffs, and forbid their paying it to the Harrisons. Comstock v. Hoag, 5 Wend., 600; Sickles v. Gillies, 35 Supr. Ct., 14; Barker v. Prentiss, 6 Mass., 430; Dickerson v. Wason, 47 N. Y., 439. In point of fact he notified the defendants not to pay the check, which empowered them to stop the payment of the draft which they had forwarded to the plaintiff. In the case of the City Bank of New Haven v. Perkins (29 N. Y., 554), cited by the plaintiff’s counsel, the bills of exchange had been transferred to the plaintiff by the cashier of the bank which owned them. The bank had made no claim upon the defendant that such transfer was invalid, and had not forbidden the defendant to pay the bills.
A very different state of facts is presented in this case. The case, as it stands upon the evidence, does not seem to me to differ in principle from Dickerson v. Wason (47 N. Y., 439). There the court held that the property in business paper received for collection by one engagéd in the business of banking and collections, forwarded by him to his correspondent in the usual course of such business, without any express agreement in reference thereto, does not become vested in the correspondent, although he may have remitted upon general account in anticipation of collections. It was also held that it is only where, by express contract or well established course of dealing, the correspondent becomes responsible for the collection and cannot seek reimbursement of advances in case of non-payment; *561 that he can retain the draft or the proceeds of the collection as against the real owner.
I find nothing in the testimony which shows that there was any express agreement or well established course of dealing between the Harrisons and the plaintiff which will bring this case within the exception to the general rule stated in the case of Dickerson v. Wason, supra.
In the case of Metropolitan National Bank v. Lloyd (90 N. Y., 530), the check was, by depositor’s direction, credited to him as so much cash upon his pass-book, and it was held that the title to the check thereby passed to the bank.
In this case the testimony was uncontradicted that the check was delivered to the Harrisons for collection, and that it was not entered as cash in Cameron’s pass-book. It is true that it appears that the check was passed to his credit upon the books of the bank, but there is nothing to show that he was ever notified of the fact, or assented thereto.
In Metropolitan Bank v. Lloyd, after speaking of the facts shown by the evidence, Danforth, J., says: “These show that it was the intention of both parties to make the transfer of the check absolute, and not merely to enable the bank to receive the money upon it as Murray’s agent.”
Here the evidence is, that it was not the intention of the parties to make the transfer of the check absolute, but that the Harrisons should be Cameron’s agents for its collection.
For these reasons I shall render judgment for the defendant.
Brady, J.
We discover in the examination of this case nothing which will warrant us in disturbing the findings or enlarging them, and we think the opinion of Justice Lawrence, pronounced upon rendering his decision herein, expressive and conclusive. Having arrived at this conclusion it becomes a duty to affirm the judgment. Ordered accordingly, with costs.
Davis, P. J., concurs.