# THE NATIONAL PARK BANK OF NEW YORK, APPELLANT, *v.* THE SEABOARD BANK, RESPONDENT.

*Raised check — when the bank collecting it acts merely as an agent it is not, after it has paid the money over to its principal, liable to the bank by whom it was paid.*

On July 15, 1885, one Saxton indorsed and delivered to the Eldred Bank for collection a draft or check drawn on the plaintiff by the Wallingford Bank, to the order of Saxton, for eight dollars, which amount had, at that time, been raised from $8.00 to $1,800. On that day the Eldred Bank forwarded the draft, indorsed to the order of the cashier of the defendant bank, "for collection for account of the Eldred Bank." The defendant received it on July sixteenth, credited it in their account current with the Eldred Bank on that day, received payment thereof through the clearing-house on July seventeenth from the plaintiff, and delivered the draft to it. On July twenty-fifth the Eldred Bank paid to Saxton the amount of the draft. Subsequent to July sixteenth, the date of the receipt of the draft, and prior to the fifteenth day of August, the day on which the alteration of the draft was discovered, payments were made by the defendant to

the Eldred Bank largely exceeding in amount the balance on hand on July sixteenth, including the draft of $1,800. By the established course of business the defendant was not responsible for drafts or checks forwarded to it by the Eldred Bank for collection.

The defendant having refused to pay to the plaintiff the difference between the sum of $8.00 and $1,800, after having been notified of the alteration, the plaintiff brought this action to recover the same.

*Held,* that it could not be maintained.

That the defendant held the draft merely for collection and as agent of the Eldred Bank.

*Dickerson* v. *Wason* (47 N. Y., 439) followed.

That as the defendant had credited to the account of and remitted to the Eldred Bank more than sufficient to exhaust the amount of the draft, and any credit which might have existed at the time it was made, the well settled rule — that in case of running accounts, where debts and credits are constantly occurring, payments must be applied to extinguish the debts according to the priority of time — required it to be held that the defendant had paid the proceeds of the draft to the Eldred Bank before the demand was made.

*National Bank of Commerce* v. *The National Mechanics' Banking Association* (55 N. Y., 216) followed; *Bank of Commerce* v. *Union Bank* (3 Comst., 236); *Marine National Bank* v. *National City Bank* (59 N. Y., 67); *White* v. *Continental National Bank* (64 id., 320) distinguished.

APPEAL from a judgment dismissing the plaintiff's complaint, entered upon the trial of this action by the court without a jury.

In July, 1885, the Wallingford Bank, which then kept an account with the plaintiff, drew on the plaintiff a draft or check for the sum of eight dollars, in the usual form, to the order of one Frank Saxton, and delivered the same to him. On the 15th of July, 1885, Saxton requested the Eldred Bank to collect the said draft or check, and thereupon indorsed the same and delivered the same to the Eldred Bank. The amount of the check at the time of such delivery had been raised from $8.00 to $1,800. On the said fifteenth day of July, the Eldred Bank indorsed the check, below the indorsement of Saxton, as follows : " Pay S. G. Nelson, Cashier, or order, for collection, for account of the Eldred Bank, Eldred, Pa., P. O. Heasley, Cashier," and forwarded the same to the defendant, who was then the New York correspondent of the Eldred Bank. The defendant received it on the morning of July 16, 1885, and credited the same in their account current with the Eldred Bank on that day. On the seventeenth of July the draft was presented to the plaintiff by the defendant, through the New

York clearing house, and paid on that day as a draft of $1,800, and said draft was then and there delivered and surrendered by the defendant to the plaintiff. On the day of its receipt, July 16, 1885, the defendant notified the Eldred Bank, by postal card, of its receipt and of its credit by the defendant to the Eldred Bank, which postal card was received by the latter bank on July 17, 1885. The Eldred Bank, in order to make sure that the draft was all right, intentionally refrained from paying over the proceeds to Saxton until the 25th of July, 1885. Not having heard that there was anything wrong about the draft, it being the uniform custom of the defendant to notify the Eldred Bank of its failure to collect any of its checks or drafts, or of anything wrong in regard to them, it paid the proceeds of the draft to Saxton. The Eldred Bank received the check for collection in the usual course of its business, and forwarded the same to the defendant, its correspondent, for collection, without any special agreement in reference thereto. The established course of business between the defendant and the Eldred Bank was that the defendant did not become responsible for the draft or check, or for any draft or check forwarded to it for collection by the Eldred Bank; but in case of non-payment, if the defendant had made any credits, payments or remittances in anticipation of the collection of the same, or on account thereof, it was entitled to be reimbursed. At the time of the payment of the draft, the change in its amount was unknown to the drawers and to said three banks, and all said three banks acted in good faith and in ignorance of the raising of the check. Subsequent to the sixteenth of July, the date of the receipt of the draft by the defendant, and prior to the fifteenth of August, the date of the discovery that the draft was altered, payments were made by the defendant to the Eldred Bank largely exceeding in amount the balance in hand on the sixteenth of July, including the draft of $1,800. But during all this time a balance remained in the hands of the defendants of more than $1,800, belonging to the Eldred Bank. On the fifteenth of August the plaintiffs were, for the first time, informed of the raising of the draft, and on the same day gave notice to the defendant and requested the defendant to repay to it, the plaintiff, the difference between the sum of $8.00 and the sum of $1,800, which it had paid upon the draft. The defendant

refused to comply with this demand, and the plaintiff brought this action to recover the said amount. The case was tried before the court, without a jury, and, the court finding the foregoing facts, the complaint was dismissed, and from the judgment thereupon entered this appeal is taken.

*Francis C. Barlow*, for the appellant.

*Alfred Taylor*, for the respondent.

VAN BRUNT, P. J. :

The ground upon which the learned justice founded his judgment was that the plaintiff could not recover from the defendant because the latter held the draft merely for collection and as agents of the Eldred Bank, and had paid over the proceeds to the Eldred Bank, before it, the defendant, had received any notice of the alteration. There is no claim that there was any neglect upon the part of either the plaintiff or the defendant in relation to the payment and collection of this draft.

The two questions, then, which are presented upon this appeal are, first, whether the learned court was correct in holding that the defendant was merely the agent of the Eldred Bank, and secondly, whether it paid over to the Eldred Bank the proceeds collected upon the draft, and was thus absolved from liability. There would seem to be no question as to the first proposition were it not for the fact that the defendant, upon the receipt of the draft, before its collection, had credited the same to the Eldred Bank in the account current between the two banks. If the defendant had kept this draft, collected it and remitted the identical proceeds to the Eldred Bank, then it is admitted, in view of the nature of the indorsement, that the defendant would be simply the agent for collection of the Eldred Bank.

The case of *Dickerson* v. *Wason* (47 N. Y., 439) seems to set at rest the proposition that the mere giving of credit in account, or even remitting in anticipation of collection changes the relations between the party remitting paper and the party receiving paper for collection. In that case paper had been deposited by the plaintiff with the firm of Van Saun & Son, in New York city, for collection ; Van Saun & Son sent the paper in a letter to the defendants stating :

"Inclosed we hand you for collection * * * and when paid remit proceeds in draft on New York, etc. Protest if not paid." The note in question was indorsed by Van Saun & Son as follows : "Pay Wason Everett & Co. or order for collection."

It was received by the defendants July twenty-fourth and collected at maturity, August twenty-seventh, on which day defendants heard that Van Saun & Son had stopped payment. In anticipation of the collection of the note in question, the defendants had remitted various sums of money to Van Saun & Son, prior to their failure. These remittances were made as a general remittance on account current. The plaintiffs, thereupon, commenced an action to recover from Wason Everett & Co. the amount collected upon this note. It was held that the plaintiffs never had, in fact, parted with the ownership of the note to Van Saun & Son, and that as the defendants had not remitted the money after the collection of the note, the plaintiffs were entitled to recover the same as their property. Applying the case cited to the case at bar, it would, therefore, appear that the defendant acquired no title or property in the check or draft in question or in the proceeds of such draft after its collection, but that the same was the property of the Eldred Bank and could have been recovered from the Seaboard Bank had the same become insolvent immediately after its collection.

The next question to be considered is, whether, under these circumstances, the payment over of the money to the Eldred Bank discharged the defendant from all claim or liability to the plaintiff. This question is not entirely free from doubt. The cases of *Butler* v. *Harrison* (1 Cowp., 566); *Mowatt* v. *McClelan* (1 Wend., 174); *La Farge* v. *Kneeland* (7 Cow., 460), and *Herrick* v. *Gallagher* (60 Barb., 566), seem to sustain the principle that if money be mispaid to an agent expressly for the use of his principal, and the agent has paid it over, he is not liable in an action by the person who mispaid it, but the remedy is against the principal. And this rule seems to be recognized in the case of the *National Bank of Commerce* v. *The National Mechanics' Banking Association* (55 N. Y., 216). There are various cases, however, beginning with the *Bank of Commerce* v. *The Union Bank* (3 Comst., 236), where recoveries have been had for money paid on raised commercial paper through mistake, some of which seem to militate against this rule, although

the question is not discussed, nor are the facts sufficiently distinctly stated in order to form an intelligent opinion. (*Marine National Lank* v. *National City Bank*, 59 N. Y., 67; *White* v. *Continental National Bank*, 64 id., 320, and cases there cited.) And, therefore, the distinct expression of opinion in the case of the *National Bank of Commerce* v. *The National Mechanics' Banking Association* (*supra*) should govern.

It seems clear that it must be held that the Seaboard Bank has paid over the proceeds of this draft to the Eldred Bank. It is true that it has not paid the distinct money received in payment of the check, but it has credited it in account and has remitted very much more than sufficient to exhaust this amount and any credit which might have existed at the time the same was made, long before the discovery of the raising of the amount of the check. Applying the well settled rule that in cases of running accounts, where debits and credits are constantly occurring, payments must be applied to extinguish the debts according to the priority of time, the amount received upon the check in question had been paid over by the defendant to the Eldred Bank. The rule above stated is sustained by the cases of *Sheppard* v. *Steele* (43 N. Y., 52); *Walden* v. *Davison* (11 Wend., 65); *Allen* v. *Culver* (3 Denio, 293); *United States* v. *Kirkpatrick* (9 Wheat., 720); *Bixby* v. *Drexel* (56 How., 478); *Clayton's Case* (1 Mer., 572); *In re Hallett* (L R. 13 Ch. Div., 696).

It is no answer to this rule that its application turns the plaintiff out of court and puts it to the trouble, expense and delay of a suit against the Eldred Bank, because the plaintiff in this action is entitled to no greater consideration at the hands of the court than is the Seaboard Bank, neither having been guilty of negligence and both having acted in the utmost good faith. The rules of law in reference to the application of payments should not be warped unless some great injustice is done thereby, which does not appear to be the effect of the application of the rule to the case at bar.

Under the circumstances, therefore, it does not appear that any error was committed in the progress of the trial, and the judgment appealed from should be affirmed, with costs.

BRADY and DANIELS, JJ., concurred.

Judgment affirmed, with costs.