(9 Misc. Rep. 343.)

HUTCHINSON v. PRESIDENT AND DIRECTORS OF MANHATTAN CO.
et al.

(Superior Court of New York City, General Term.   July 2, 1894.)

BANKS AND BANKING—LIEN ON DEPOSIT—ACCOUNT—RIGHTS OF DEPOSITORS.
    Where defendant bank received a check from another bank for collection in the usual course of business, it cannot apply the proceeds to the indebtedness of such other bank as against the owner of the check, who deposited it with such other bank for collection, though defendant had an agreement with the other bank for a lien on all its property and securities in defendant's hands, and on any balance of its deposit account.

Appeal from judgment on report of referee.
Action by Lucius B. Hutchinson against the president and directors of the Manhattan Company and others.   There was a judgment in favor of plaintiff.   Defendant appeals.   Affirmed.

Plaintiff, on the 4th day of May, 1893, deposited with the firm of W. L. Patton & Co., of New York City, a check dated May 3, 1893, drawn by the Interstate

Mortgage Trust Company, of Greenfield, Mass., to the order of G. H. Caul-back, for $2,400. This check, when so deposited by plaintiff, bore the following indorsements: "Pay to the order of L. B. Hutchinson. G. H. Caul-back." "Pay to W. L. Patton & Co. or order. L. B. Hutchinson." W. L. Patton & Co. kept a deposit account with the defendant the Manhattan Company for a long period of time, and on said 4th day of May, 1894, deposited with the Manhattan Company, in due course, the aforesaid check, with the following indorsement upon it: "For deposit to the credit of W. L. Patton & Co." On May 5, 1893, W. L. Patton & Co. made a general assignment for the benefit of their creditors. Their assignment was filed in the New York county clerk's office at 3:15 p. m. on that day. Prior to and at that time, and on the 6th day of May, 1893, when the proceeds of the check in question were received by the Manhattan Company, W. L. Patton & Co. were indebted to the Manhattan Company in a sum far in excess of the amount of said check, and the Manhattan Company had a contract in writing with W. L. Patton & Co., whereby said firm gave to the said bank a lien for the amount of all the liabilities of said firm to said bank, upon all property and securities given unto them or left in their possession by the said firm, and also upon any balance of the deposit account of the said firm with them, and whereby the said bank was authorized and empowered at any time to appropriate, and apply to the payment and extinguishment of such obligations and liabilities of said Patton & Co., whenever the same were created, any and all moneys that might be in the possession of the said bank, on deposit or otherwise, to the credit of or belonging to said Patton & Co., whether the said obligations or liabilities were then due or not. Upon the receipt of the proceeds of the said check on May 6, 1893, the bank credited the same to the account of said W. L. Patton & Co., and applied the same pro tanto upon the said in-debtedness of W. L. Patton & Co. to the bank. No demand was made by the plaintiff upon the said bank for the said check, or the proceeds thereof, until after the collection thereof by the said bank had been completed, and the proceeds had been charged against the account of W. L. Patton & Co.

Argued before FREEDMAN, McADAM, and GILDERSLEEVE, JJ.

Stern & Rushmore, for appellant.

John L. Branch, for respondent.

PER CURIAM. The check was drawn upon a Massachusetts bank, and deposited for collection by W. L. Patton & Co., who had undertaken its collection for the plaintiff. The check belonged to the plaintiff, and the proceeds, when collected, were his. Mc-Bride v. Bank, 26 N. Y. 450. There is nothing in the recent case of the Goshen Nat. Bank v. State, 141 N. Y. 379, 36 N. E. 316, nor in Justh v. Bank, 56 N. Y. 478, Stephens v. Board, 79 N. Y. 183, 187, and Southwick v. Bank, 84 N. Y. 420, 436, 437, which sustains the defendant's contention that it had the right arbitrarily to credit the plaintiff's money on the past-due obligations of W. L. Patton & Co., because that firm was a depositor with it. In those cases, both the party delivering and the one receiving the money or check acted with the avowed and understood purpose of discharging the pre-existing obligation; and, their mutual intention having been effectuated by the necessary acts, the court held that the title passed, and the money had been lawfully applied. These controlling features are not only significantly absent here, but contrary intentions appear. The arbitrary application of the plaintiff's money was not only repugnant to the trust upon which Patton & Co. and the defendant received the check, but contrary to the pre-

sumed intention of all the other parties in interest. There was no implied authority in the defendant to make the appropriation, and no equitable rule of conduct, estoppel, or set-off which gave it title to the money of the plaintiff, against the will of those having the jus disponendi; particularly where it appears, as it does here, that the defendant gave nothing for the money, and its former position will not be changed if required to give it up. For these reasons, and those assigned by the learned referee, the judgment appealed from must be affirmed, with costs.