JULIA MACALPINE HAMM, Appellant, *v.* THE CHRISTIAN HERALD CORPORATION and Others, Defendants, Impleaded with THE CHRISTIAN HERALD ASSOCIATION, INC., and Others, Respondents.

First Department, December 9, 1932.

*Cornelius J. Smyth,* for the appellant.

*John B. Butler, Jr.,* of counsel [*Caleb C. Curtis* with him on the brief; *Gwinn & Pell,* attorneys], for the respondents.

FINCH, P. J. The plaintiff appeals from an order which granted a motion made by the defendants to dismiss the complaint.

The complaint alleges that the plaintiff is the owner and holder of more than ten per cent of the entire authorized and issued common capital stock of The Christian Herald Corporation, a New Jersey corporation. Offers were made by the defendant James C. Penney, a director of the corporation, to purchase the minority interest held by the plaintiff in the corporation at a price which was deemed inadequate and therefore, refused by the plaintiff. Thereupon threats were made to "freeze her out." Thereafter the defendant directors effected a dissolution of the corporation by procuring from the Secretary of State of New Jersey a certificate of dissolution. It is alleged that the board of directors and officers of the corporation fraudulently concealed from the Secretary of State the fact that all the assets and property of the corporation were to be transferred to a New York corporation, which was in violation of the laws of the State of New Jersey. It is further alleged that prior to the aforesaid dissolution certain of the directors of the New Jersey corporation organized, under the laws of the State of New York, The Christian Herald Association, Inc., for a purpose substantially identical with that of the New Jersey corporation and, until the dissolution, used the assets and business of the New Jersey corporation to subsidize and aid that of the New York corporation. It is further alleged that The Christian Herald Association, Inc., was organized in New York with the fraudulent purpose of appropriating all the assets of the New Jersey corporation, in breach of trust of the directors and officers and in fraud of the minority stockholders; that all the defendants conspired to and did cause the transfer and diversion of all the assets of the New Jersey corporation, including its good will and name, to the New York corporation, for a grossly inadequate and partially fictitious consideration, with the result that all value was destroyed of the stock of the plaintiff in the New Jersey corporation.

The complaint prays for the voiding of the dissolution of the New Jersey corporation and for certain other relief which this court may not be able to grant directly. The action, however, is based upon alleged fraud of fiduciaries, and the main purpose of the action is to conserve the assets of the corporation while compelling an accounting and a restoration for the benefit of the stockholders. The other relief asked is but incidental to this purpose. All the defendants are before this court and all the assets are within its jurisdiction. The court is thus in a position to render an effective judgment *in personam* as well as *in rem*. Under such circumstances there is no valid reason for denying relief to the plaintiff. As was said by Judge O'BRIEN, in *Miller* v. *Quincy* (179 N. Y. 294): " It may be observed here, in order to clear away some things that create confusion in the discussion, that this is not an action by or against either a foreign or a domestic corporation, except so far as the corporation in question is made a nominal defendant upon the record. It is an action by an individual director against individuals who were formerly directors to recover from the latter money belonging to the corporation which they had misappropriated or wasted in violation of their duties as directors, and the sole question is whether the plaintiff is entitled to sue the defendants in the courts of this State to compel them to restore to the corporate treasury the funds that they have received and retained, or wasted, contrary to the duties of their trust.  *  *  *  Bearing always in mind the fact that this is an action by an individual director of a foreign corporation in the courts of this State to compel other individuals who, while directors, had become wrongfully possessed of the corporate funds and property, to account for the same, it is difficult to suggest any sound reason for denying to the plaintiff the relief which he seeks to obtain."

Also, the words of Mr. Justice CULLEN, in *Ernst* v. *Rutherford & B. S. Gas Co.* (38 App. Div. 388), cited by Judge O'BRIEN in *Miller* v. *Quincy* (*supra*), are appropriate. He said: " The learned judge, however, was of opinion that this action was more than for a restoration and accounting; that it was in effect an action to control the internal management of the corporation itself. Concerning an action of the last character he was of opinion that the corporation could only be called to account in the tribunals of the State which created it. We are not prepared to admit the correctness of the proposition as broadly as stated by the learned justice. If the illegal acts of the directors or of the corporation offended solely against the majesty of the State to which it owed its life, in other words, constituted only public wrongs, the proposition is probably

correct; for we are not compelled, nor should we entertain actions simply to redress the outraged dignity of foreign governments. But if such illegal acts also cause injury to the property rights of individual stockholders who are citizens of this State, we cannot see why they are not entitled to obtain full relief in our courts, so far as such relief can be accomplished by acting directly on the persons of the defendants."

The courts of this State thus having jurisdiction because of the presence here of the parties and the property, may inquire incidentally into the validity of the dissolution, and the fact of such dissolution is not in itself a bar to this action, the basis of which is fraud. As was said by LAZANSKY, J. (now presiding justice of the Appellate Division, Second Department), in *Major* v. *American Malt & Grain Co.* (110 Misc. 132), in considering a somewhat similar situation, where a New Jersey corporation was dissolved by majority stockholders and its assets and good will transferred to a Delaware corporation organized by the same stockholders: " While in determining whether or not the acts of the defendants were wrongful it will be necessary to consider the question of the dissolution, that will not directly raise a question of the internal management of a foreign corporation. Besides property involved in the action is in this State. The court, therefore, has jurisdiction of the action."

The complaint, therefore, states a good cause of action. It follows that the order and judgment appealed from should be reversed, with costs, and the motion denied, with ten dollars costs, with leave to the defendants, respondents, to answer within twenty days from service of order upon payment of said costs.

MARTIN and TOWNLEY, JJ., concur; O'MALLEY, J., concurs in sustaining the complaint in so far as it seeks relief for stockholders, their corporation being deemed a nominal party merely; McAvoy, J., taking no part.

Judgment and order reversed, with costs, and motion denied, with ten dollars costs, with leave to the defendants, respondents, to answer within twenty days from service of order upon payment of said costs.