EDWARD J. RAMSEY, Appellant, *v.* MORITZ ROSENTHAL, Respondent, Impleaded with WILLIAM M. GREVE and Others, Defendants.

First Department, December 7, 1934.

David M. Palley of counsel [Netter, Palley & Netter, attorneys], for the appellant.

Arthur B. Brenner of counsel [Sidney Bacharach with him on the brief; Van Vorst, Siegel & Smith, attorneys], for the respondent.

TOWNLEY, J.  This is a representative action brought by plaintiff to compel the defendants to account for their acts as directors and liquidating trustees of the Chandler-Cleveland Motors Corporation. The defendant Rosenthal moved to dismiss the complaint on the ground that the court has no jurisdiction of the subject of the suit and that the complaint fails to state a good cause of action.  The complaint was dismissed on both grounds.

The complaint sets out that by a series of stock transfers the Hupp Motor Car Corporation, a Virginia corporation, became the owner of most of the shares of the Chandler-Cleveland Motors Corporation.  The Hupp Corporation desired, in addition to controlling the company, to effectuate a transfer of the Chandler Corporation's assets and business to itself.  One of the terms of the liquidation was that 5,000 shares of common stock of Hupp Motor Corporation were issued to the Chandler Corporation to leave a tangible asset for the benefit of non-consenting Chandler stockholders of which the plaintiff is one.  In 1929 these 5,000 shares were worth $300,000 on the Stock Exchange.  In May, 1929, the Chandler Corporation was dissolved pursuant to the laws of the State of Delaware and the defendants who were the directors became the liquidating trustees. The charge in the complaint is that the trustees neglected to sell this stock until December, 1932, and that only $10,000 was realized, thus causing a loss to the stockholders of $290,000.  This suit was begun on December 8, 1933, and under the laws of Delaware, according to the complaint, the Chandler Corporation was neither in existence nor continued for any purpose whatever.  The relief asked is an accounting, the appointment of a receiver, and the distribution of the proceeds of the accounting.

We think that the complaint sufficiently states a cause of action for an accounting against directors for negligence.

Defendant Rosenthal takes the position, however, that the suit is in the right of a foreign corporation now civilly dead and that the

courts of this State should not administer the estate of such a decedent and that the Supreme Court lacks jurisdiction so to do.

In *Holmes* v. *Camp* (186 App. Div. 675), under similar conditions, a foreign corporation had been dissolved during the pendency of the action. This court held: " It cannot be said in any true sense that the cause of action to recover for the corporation its property abates upon the death or dissolution of the corporation. It simply devolves upon and becomes vested in its trustees in dissolution. After all, the stockholders of a corporation are *pro tanto* the equitable owners of the property of the corporation. It is for them and the creditors that the right to maintain these representative actions has been created."

In *Hamm* v. *Christian Herald Corp.* (236 App. Div. 639) this court considered a complaint in an action by a minority stockholder of a New Jersey corporation to have the dissolution of that corporation declared void and for the restoration of its assets. It was held that the complaint stated a cause of action. There the principal allegations were that upon the plaintiff's refusal to sell a minority interest for an inadequate price, the defendant directors dissolved the corporation by fraudulently concealing from the Secretary of State of New Jersey the fact that all the assets and property of the corporation were to be transferred to a New York corporation in violation of the New Jersey statute. Prior to that dissolution the directors had organized a similar corporation under the laws of this State for a substantially identical purpose and fraudulently appropriated all the assets to the New York corporation in breach of trust of the directors and officers and in fraud of the minority stockholders. This court said: " The courts of this State thus having jurisdiction because of the presence here of the parties and the property, may inquire incidentally into the validity of the dissolution, and the fact of such dissolution is not in itself a bar to this action, the basis of which is fraud. As was said by LAZANSKY, J. (now Presiding Justice of the Appellate Division, Second Department), in *Major* v. *American Malt & Grain Co.* (110 Misc. 132), in considering a somewhat similar situation, where a New Jersey corporation was dissolved by majority stockholders and its assets and good will transferred to a Delaware corporation organized by the same stockholders: ' While in determining whether or not the acts of the defendants were wrongful it will be necessary to consider the question of the dissolution, that will not directly raise a question of the internal management of a foreign corporation. Besides property involved in the action is in this State. The court, therefore, has jurisdiction of the action.' "

The decision of this court in *Howe* v. *New York, New Haven & Hartford R. R. Co.* (142 App. Div. 451), so far as it is in conflict with this decision, must be deemed overruled.

The Court of Appeals, in *Miller* v. *Quincy* (179 N. Y. 294), in discussing the subject of when the courts of this State would take jurisdiction of a question involving the internal management of the corporation, said: " If the illegal acts of the directors or of the corporation offended solely against the majesty of the State to which it owed its life, in other words, constituted only public wrongs, the proposition is probably correct; for we are not compelled, nor should we entertain actions simply to redress the outraged dignity of foreign governments. But if such illegal acts also cause injury to the property rights of individual stockholders who are citizens of this State, we cannot see why they are not entitled to obtain full relief in our courts, so far as such relief can be accomplished by acting directly on the persons of the defendants. A contrary rule would, in our judgment, be unfortunate at this time, when, for some reason, the majority of corporate enterprises in this State (those of a *quasi* public nature, such as railroads, etc., excepted) are carried on under incorporations effected under the laws of other States. We are of opinion, however, that this action is strictly for restoration and an accounting, and, therefore, that the court had jurisdiction of the subject-matter."

Accordingly, since the parties are before the court and full justice may be done, the order dismissing the complaint should be reversed, with twenty dollars costs and disbursements, and the motion denied, with ten dollars costs, with leave to the defendant, respondent, to answer within twenty days from service of order upon payment of said costs.

FINCH, P. J., MERRELL, GLENNON and UNTERMYER, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion denied, with ten dollars costs, *nunc pro tunc* as of November 7, 1934, with leave to the defendant, respondent, to answer within twenty days from service of order upon payment of said costs.