JULIA MACALPINE HAMM, Respondent, *v.* THE CHRISTIAN HERALD CORPORATION and Others, Defendants, Impleaded with JAMES C. PENNEY, DANIEL A. POLING, IRENE WILCOX, OMAR HITE, HARRIET F. FERNALD, as Executrix, etc., of LUTHER D. FERNALD, Deceased, J. PAUL MAYNARD and RALPH W. GWINN, Appellants.

First Department, January 8, 1941.

*Harold H. Corbin* of counsel [*John B. Butler* and *Roswell Dean Pine, Jr.,* with him on the brief; *Gwinn & Pell,* attorneys], for the appellants.

*Herbert Noble, Jr.,* of counsel [*Alfred Houston* and *Francis J. O'Connell* with him on the brief], for the respondent.

TOWNLEY, J.   This action in equity was brought by the plaintiff who owned 180 shares of the common stock of a New Jersey

corporation, the Christian Herald Corporation. She complained that the corporation was fraudulently dissolved in 1928. Its assets had been transferred to Christian Herald Association, Inc., a New York membership corporation, under a contract pursuant to which the debts of the New Jersey corporation were assumed and certain payments were to be made to preferred stockholders of the New Jersey corporation but none to its common stockholders. Plaintiff alleged that the assets of her corporation were sufficient to pay all creditors and stockholders in full. She named as defendants certain directors of the New Jersey corporation who resigned shortly before the dissolution and who organized the New York membership corporation, and certain other individuals who were directors at the time of the dissolution and who pursuant to New Jersey law acted as trustees in the dissolution.

It was held that the complaint stated a cause of action. (*Hamm v. Christian Herald Corp.*, 236 App. Div. 639.) An interlocutory judgment was rendered in 1938 holding the dissolution illegal and a fraud upon plaintiff's rights, and the appellants were directed to account to plaintiff for the value of her 180 shares of common stock as of May 28, 1928, the day before the transfer. The matter was sent to a referee to take and state the account.

The account as filed by the appellants showed that the liabilities of this company exceeded its assets by $244,646.26. There were added to the assets by the court and referee $550,000 for good will and other items amounting to $8,222.73, making a total of $558,222.73. There was, therefore, left for distribution among all classes of stockholders $313,576.47. The par value of the outstanding preferred stock on the date in question was $379,500 on which there were unpaid cumulative dividends of $110,924.17. The value of the company as found by the account was insufficient to redeem the preferred stock of the company at par, even disregarding dividends. The referee and the justice at Special Term held that the preferred stock of the appellants and the other stockholders who voted for the dissolution was entitled to recognition as a claim upon the corporate assets only to the amount they actually paid for their stock. The common stock held by these individuals was similarly denied recognition. The application of this principle has resulted in the elimination of most of the preferred and common stock as a claim on the credit balance shown on the accounting and recognition of the stock of the few non-assenting stockholders as outstanding at par. Upon this basis plaintiff's stock has been valued at par to which has been added interest from May 28, 1928.

In confirming the referee's disallowance of the value of the preferred stock and accumulated dividends, Special Term said:

" Priorities which might normally have existed may be lost by conduct which equity does not sanction, and the defendants, having caused damage to the plaintiff, are not permitted to set up a priority of their own to make the plaintiff's victory an empty one." We find no authority for destroying priorities because of the bad motive which the defendants may have had in dissolving the New Jersey corporation. The theory of the plaintiff's complaint is that she must be paid the value of her equity in the assets. The only question properly before the referee was the value of the company at the time of the transfer and the worth of plaintiff's interest therein as represented by the stock held by her.

Article III of the certificate of incorporation of the New Jersey corporation provided for the issuance of preferred stock and in the event of liquidation or dissolution or distribution of the assets of the corporation " the holders of preferred stock shall be paid the par amount of their preferred shares and the amount of dividends accumulated and unpaid thereon before any amount shall be payable to the holders of the common stock, and after the payment of the par amount of the common stock to the holders thereof, the balance of the assets and funds shall be distributed ratably among all the shareholders, without preference."

It is our view that the plaintiff's rights depended upon the terms of the certificate of incorporation and that she was asking for nothing more than her rights under that instrument. The question of penalizing the defendants for alleged improper conduct with respect to minority stockholders cannot be dealt with in such a proceeding as the one at bar. The proper end of this law suit is not to provide an unjust enrichment of minority stockholders or the punishing of the defendants (*Southern Pacific Co.* v. *Bogert,* 250 U. S. 483) but to determine justly what is due the plaintiff.

The account as found by the court below shows that plaintiff's stock was of no value on the date fixed and plaintiff can, therefore, recover nothing for its loss. The conclusion which we have reached makes it unnecessary to discuss the other questions raised by the appellants.

The judgment should be reversed and final judgment should be directed for the defendants. Inasmuch, however, as plaintiff established a case for an interlocutory judgment and the circumstances were such as to make it necessary for this expensive accounting procedure to be invoked, in the exercise of discretion the direction of a judgment in favor of the defendants will be without costs.

MARTIN, P. J., GLENNON, DORE and COHN, JJ., concur.

Judgment unanimously reversed and final judgment directed for the defendants, without costs.

Settle order on notice.