1062

DANIEL DE GORTER and HENRI WILD, Assignees of BANQUE NATIONALE DE BELGIQUE, Plaintiffs, v. BANQUE DE FRANCE, Defendant.*

Supreme Court, Special Term, New York County, August 8, 1941.

*Sullivan & Cromwell*, for the plaintiff.

*Coudert Brothers*, for the defendant.

BENVENGA, J.   Motion for judgment dismissing the complaint herein, on the ground that the courts of this State are without

---

* Affd., 262 App. Div. 997.

jurisdiction of the person of the defendant and of the subject-matter of the action.

The action is for breach of contract and conversion, brought by residents of New York, assignees of the Banque Nationale de Belgique, a foreign banking corporation, against the Banque de France, also a foreign banking corporation.

It is alleged that between November, 1939, and May, 1940, immediately after the outbreak of the European War, the Banque de Belgique delivered gold of the value of more than $228,000,000 to the Banque de France for safekeeping, on the understanding that the Banque de France would, on demand, return the gold to the Banque de Belgique; that in June, 1940, just before the armistice between France and Germany, the Banque de Belgique demanded the return of the gold and it was refused.

It is not disputed that, as a rule, the general jurisdiction of the courts of this State extends to transitory causes of action of the nature here involved. (*Gregonis* v. *P. & R. Coal & Iron Co.*, 235 N. Y. 152, 158, 159; *McCauley* v. *Georgia R. R. Bank*, 239 id. 514; *Matter of Baltimore Mail S. S. Co.* v. *Fawcett*, 269 id. 379, 385.) It is contended, however, that this court lacks jurisdiction of the subject-matter because in the contract sued upon the parties have expressly agreed to the exclusive jurisdiction of the courts of France. Whatever the effect of such a stipulation may be in other jurisdictions, it is wholly ineffectual here. An agreement by which parties to a contract undertake to oust the courts or tribunals of this State of jurisdiction over controversies between the parties thereafter arising out of the contract and to confer exclusive jurisdiction to determine such controversies upon a foreign tribunal, is against public policy, null and void. (*Sudbury* v. *Ambi*, 213 App. Div. 98, 102, 103; *Sliosberg* v. *New York Life Ins. Co.*, 217 id. 685, 688, 689; *Parker* v. *Krauss Co., Ltd.*, 157 Misc. 667, 669; affd., 249 App. Div. 718.)

It is also contended that this court lacks jurisdiction of the person of the defendant, because the exercise of jurisdiction would conflict with the commerce clause of the Federal Constitution (U. S. Const. art. I, § 8, cl. 3), in that it would cast an undue and unreasonable burden upon interstate and foreign commerce.

Under this clause, non-resident corporations engaged in interstate or foreign commerce have been held not subject to suit, unless the cause of action grew out of business transacted within the territory of the forum. (*Guerin Mills* v. *Barrett*, 254 N. Y. 380, 385; *N. V. Brood* v. *Aluminum Co.*, 231 App. Div. 693, 698.) But this rule, concededly, has been applied only to common carriers

directly engaged in the transportation of persons or things in interstate commerce; it has never been applied to interstate or foreign corporations engaged in the banking business. Nor can the rule be so applied; at least, not to foreign banking corporations which, like those here involved, are not commercial banks, but central banks of issue. It seems that such banks customarily carry with other central banks, particularly at important financial centers, substantial amounts of gold and credit balances in order to discharge debts and credits arising out of relations between themselves. Their activities are highly specialized and limited. They are not engaged in foreign commerce within the meaning of the constitutional provision. At all events, such relationship as their activities may have to foreign commerce is but indirect and incidental. Accordingly, even assuming that the Banque de France is engaged in foreign commerce, the prosecution of the action in the courts of this State would not impose upon it " a burden so heavy and so unnecessary as to be oppressive and unreasonable " within the meaning of the constitutional provision. " Such a suit may be a burden, but oppressive and unreasonable it is not." (*International Milling Co.* v. *Columbia Transportation Co.*, 292 U. S. 511, 520.)

The motion is denied.