In the Matter of BANQUE DE FRANCE, Appellant, against THE SUPREME COURT OF THE STATE OF NEW YORK et al., Respondents.

Argued January 7, 1942; decided March 5. 1942.

*Mahlon B. Doing* and *Frederic R. Coudert* for appellant. The courts of New York have not jurisdiction of the subject matter of the action. (*Davis* v. *Farmers' Co-operative Equity Co.*, 262 U. S. 312; *N. V. Brood* v. *Aluminum Co.*, 231 App. Div. 693; *Matter of Baltimore Mail S. S. Co.* v. *Fawcett*, 269 N. Y. 379; *Ball* v. *Canadian Pacific Steamships, Ltd.*, 6 N. Y. Supp. [2d] 877; 276 N. Y. 650; *Jensen* v. *United Airlines Transp. Corp.*, 255 App. Div. 611; *Miele* v. *Chicago, M., St. P., & P. R. R. Co.*, 151 Misc. Rep. 137; *Jacobson* v. *Baltimore & Ohio R. R. Co.*, 161 Misc. Rep. 268; *Trojan Engineering Corp.* v. *Green Mountain Power Corp.*, 200 N. E. Rep. 117; *Steele* v. *Western Union Tel. Co.*, 173 S. E. Rep. 583; *Atlantic Nat. Bank* v. *Hupp Motor Car Corp.*, 10 N. E. Rep. [2d] 131; *L. & N. R. R. Co.* v. *Chatters*, 279 U. S. 320; *Dahnke-Walker Milling Co.* v. *Bondurant*, 257 U. S. 282; *McCulloch* v. *Maryland*, 17 U. S. [4 Wheat.] 315; *Engel* v. *O'Malley*, 219 U. S. 128.)

*John Foster Dulles, Robert E. Houston, Jr.*, and *Mac-Donald Deming* for Daniel De Gorter et al., respondents. The New York Supreme Court concededly has jurisdiction of the action pursuant to New York law unless the exercise of that jurisdiction would unduly burden interstate or foreign commerce in violation of the commerce clause of the

Federal Constitution. But the record in the action does not show that the bank is in any degree engaged in interstate or foreign commerce. It is upon that record that the jurisdiction of the New York court must be determined. (*Gregonis* v. *P. & R. Coal & Iron Co.*, 235 N. Y. 152; *Matter of Baltimore Mail S. S. Co.* v. *Fawcett*, 269 N. Y. 379; *McCauley* v. *Georgia R. R. Bank*, 239 N. Y. 514; *Matter of Cooper*, 143 U. S. 472.) The " commerce clause " of the Federal Constitution cuts across state attachment laws only to the extent necessary to prevent material interference with the interstate and foreign transportation of persons and goods. Only common carriers get the benefit of the rule. (*Huron Holding Corp.* v. *Lincoln Mine Operating Co.*, 312 U. S. 183; *Davis* v. *Farmers Co-operative Equity Co.*, 262 U. S. 312; *B. & O. R. R.* v. *Kepner*, 86 L. Ed. 37; *Hoffman* v. *Foraker*, 274 U. S. 21.)

LEHMAN, Ch. J. Banque de France is a corporation organized and existing under the laws of France. In France it conducts its business as the central bank of issue of France and as a commercial bank. Such business as it transacts here is purely incidental to its business in France, but .in the course of that business it customarily maintains large bank balances here. Daniel De Gorter and Henri Wild are residents of the State of New York. Claiming that Banque National de Belgique, a corporation organized and existing under the laws of Belgium, has a good cause of action against Banque de France for breach of contract and that Banque National de Belgique has assigned its cause of action to them, they obtained a warrant of attachment against the property here of Banque de France and levied upon the accounts and property of the Banque de France held by Federal Reserve Bank in New York. After a summons was served by publication upon Banque de France, it appeared specially in order to challenge the jurisdiction of the courts of the State of New York in the action which the assignees of Banque National de Belgique seek to maintain in this state. Its challenge was rejected in the Supreme Court and the order was affirmed by the Appellate Division, which

denied leave to appeal to this court. After Banque de France had thus unsuccessfully sought by every available means to induce the court in which the action was brought to refuse to exercise jurisdiction and to dismiss the complaint, it applied to the Appellate Division, pursuant to the provisions of article 78 of the Civil Practice Act, for an order prohibiting and restraining the Supreme Court or any justice of the court from entertaining or exercising jurisdiction of the action.

The Appellate Division, upon motion of the respondents, dismissed the petition of Banque de France " as matter of law and not in the exercise of discretion." The petitioner seeks an extraordinary remedy to halt threatened action by a court or judge which the petitioner contends would be a usurpation of power. The General Corporation Law (Cons. Laws, ch. 23) provides that " an action against a foreign corporation may be maintained by a resident of the state, or by a domestic corporation, for any cause of action." (§ 224.) Transitory causes of action arising outside of the state are within the general jurisdiction of the courts of the state when brought by a resident of the state even though the defendant be a foreign corporation and the plaintiff be the assignee of a person not himself a resident of the state. There are nevertheless limitations upon the general jurisdiction of the courts of this state imposed by the Constitution of the United States. A state may not encroach upon the field where the power of the federal government is exclusive and " the general jurisdiction of the courts of a state is confined to the field from which the state itself is not excluded." (*Matter of Baltimore Mail S. S. Co.* v. *Fawcett*, 269 N. Y. 379, 385.) In that case this court held that in circumstances where compulsion by a state upon a foreign corporation, engaged in foreign or interstate commerce, to submit to suit in its courts upon a transitory cause of action arising in a different jurisdiction would constitute an unreasonable burden and an obstruction of commerce forbidden by the Constitution of the United States, the carrier may be entitled to an order prohibiting the state court from

attempting to exercise jurisdiction of the suit. The Banque de France asserts that on that ground it is entitled to such an order for the necessary protection of its constitutional rights.

In all the cases where it has been held that such compulsion is beyond the power of a state and a violation of rights or immunities guaranteed by the Constitution, the foreign corporation has been engaged in commerce as a carrier. The Banque de France asserts that the principle applies wherever such compulsion casts an unreasonable burden upon a foreign corporation engaged in foreign or interstate commerce in any form and is not confined to obstruction of transportation of passengers or goods. Doubtless the power of the Congress of the United States " to regulate Commerce with foreign Nations, and among the several States " (U. S. Const., art. I, § 8, cl. 3) extends to foreign and interstate commerce of every kind and is not confined to transportation. Though a foreign corporation engaged in foreign or interstate commerce as carrier or otherwise is not " immune from the ordinary process of the courts of a State," yet no state may intrude upon the field assigned by the Constitution to the federal government. At least in theory, state laws which unreasonably obstruct and unduly burden interstate commerce in any form may violate the commerce clause of the Constitution. (*Davis* v. *Farmers Cooperative Equity Co.*, 262 U. S. 312, 316.) The principle upon which the petitioner relies is general; yet when that principle is invoked to support the contention that in a particular case a law of the State of New York is obnoxious to the commerce clause of the Constitution, then the nature of the function which the foreign corporation performs in foreign or interstate commerce may be the decisive factor in applying the test whether the assertion of jurisdiction casts " a serious and unreasonable burden " upon the corporation, a burden which unduly obstructs interstate commerce. It is significant that no case can be found where the general principle has led to the conclusion that the assertion of plenary jurisdiction by a state court in any transitory action

against a foreign corporation is obnoxious to the commerce clause where such a foreign corporation has not been engaged in the business of a carrier. In every case beginning with *Davis* v. *Farmers Cooperative Equity Co.* (*supra*), the court has based its decision upon the effect which compulsion upon a carrier to submit to suit upon causes of action arising in other states would have upon the *business of a carrier* in view of the nature of that business. (See *Matter of Baltimore Mail S. S. Co.* v. *Fawcett, supra,* and especially *International Milling Co.* v. *Columbia Transportation Co.*, 292 U. S. 511, and cases there cited.) The contention of the Banque de France finds little support in those cases.

We assume that Banque de France, *the central bank of issue of* France, does business and exercises functions connected with commerce with the United States and which tend to promote such commerce. Even upon that assumption the question here presented is not, as the petitioner contends, " Are the principles of immunity under the Commerce Clause which are applied in the decision of this Court in the case of *Baltimore Mail S. S. Co.* v. *Fawcett,* 269 N. Y. 389, and in the decisions of the United States Supreme Court therein followed, applicable only in favor of corporate common carriers, or do they extend equally to all other foreign corporations engaged in interstate or foreign commerce?" The question which must be decided upon this appeal is whether under the principles of immunity under the commerce clause (U. S. Const. art. I, § 8), applied in the case of *Matter of Baltimore Mail S. S. Co.* v. *Fawcett* (*supra*), the exercise of jurisdiction by the Supreme Court of the state in *this* suit which *these plaintiffs* have attempted to bring against this *defendant* in accordance with the laws of this state, is obnoxious to the commerce clause.

The test which dictates a negative answer in this case has been authoritatively stated by the Supreme Court of the United States. " Even a foreign corporation is not immune from the ordinary processes of the courts of a State where its business is entirely interstate in character. *International Harvester Co.* v. *Kentucky,* 234 U. S. 579. It must sub-

mit, if there is jurisdiction, to the requirements of orderly, effective administration of justice, although thereby interstate commerce is incidentally burdened." (*Hoffman* v. *Foraker*, 274 U. S. 21, 23.) In the cases upon which the petitioners rely the courts gave weight to the disruption in the performance by interstate carriers of their function of transportation which might follow from the application and enforcement of the law of a state which would compel foreign corporations to submit to suit there in a case where the foreign corporation is an interstate carrier engaged in business in that state only incidentally connected with its business as a carrier in other states, where the cause of action arose outside of the jurisdiction in favor of a person not then a resident of the state and where "the suit might more conveniently be litigated in another forum available equally to both parties." (Cf. *B. & O. R. R.* v. *Kepner*, 314 U. S. 44, decided by the Supreme Court of the United States November 10, 1941.)

In this case the opposing considerations to be weighed are quite different. Banque de France customarily maintains here large balances which it uses in the course of its business. It has sent here gold of the value of hundreds of millions of dollars. It alleges that the accounts here upon which the plaintiff has levied are worth over seven hundred million dollars. If we sustain its contention that its property here is immune from process of the courts of this state in an action brought here by persons claiming to be assignees of the foreign owner of a cause of action for conversion of gold in France or for breach of contract made in either France or Belgium, these plaintiffs, though residents of this state, must resort to the courts in Belgium or in Paris, jurisdictions occupied by Germany, a power with which this country is at war, or at best to the courts in unoccupied France, a country which accepts as law the decrees of the group of men who claim under the aegis of Germany to be authorized to act as the government of Belgium, though the United States recognizes as the only legitimate government of Belgium the group of exiles who

are exercising in a country not subject to the domination of Belgium's conquerors governmental power entrusted to them by the laws of Belgium. To relegate the plaintiffs, though residents of New York, to the courts of a country which refuses to recognize the government of Belgium or to enforce decrees upon which the title of the plaintiffs depends is, in effect, to deny to them any right to litigate in any tribunal their rights under the laws of Belgium as promulgated by its legitimate government.

Nothing that we have said should be construed as indicating that in our opinion the plaintiffs' assignment is valid in fact or in law or that the plaintiffs are entitled to recover if they prove all the allegations of the complaint. These are matters which must be determined by the court in which the action is brought and which we may not consider upon this appeal. We decide only that the defendant is not immune from suit in the courts of this state; the assertion of jurisdiction in this case by the courts of this state tends to promote orderly, effective administration of justice and casts no undue burden upon the performance by the defendant of any function in interstate commerce which may be incidental to its banking business.

The order should be affirmed, with costs.

LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Order affirmed.