GREGG COMPANY, LTD., Plaintiff, *v.* KONINKLIJKE NEDERLANDSCHE STOOMBOOT-MAATSCHAPPIJ, N. V., Defendant.

Municipal Court of the City of New York, Borough of Manhattan, December 23, 1953.

*Burlingham, Hupper & Kennedy* for defendant.

*Edward F. Cummerford* for plaintiff.

SCHWEITZER, J. The instant action involves a claim for damages to a shipment of machinery. An examination of the bill of lading indicates that the consignor named therein was the Societe Gregg D'Europe, S. A., a Belgium corporation, and by its terms defendant undertook to ship the machinery described therein from Antwerp, Belgium, to Puerto Chicamo, Peru.

The application is by the defendant to dismiss the complaint on the ground that the court has no jurisdiction of the subject of the action and on the further ground that the court should in any event reject the plaintiff's application to resort to this court for a determination of its rights, on the ground that to litigate this action would in effect constitute an unreasonable and undue burden and an obstruction to foreign commerce, in violation of the Commerce Clause of the Constitution of the United States (art. I, § 8, par. 3).

The defendant is a corporation organized under the laws of the Kingdom of the Netherlands, with its main office in Amsterdam, Holland. The consignee named in the bill of lading is also a foreign corporation located in Peru and concededly the controversy concerns a transitory cause of action with respect to cargo passing between two foreign ports.

I am satisfied from an examination of the affidavits and memoranda submitted on behalf of the defendant that the instant motion was inspired by the belief that the plaintiff is a foreign corporation and that jurisdiction in the instant action was effected pursuant to the provisions of subdivision 4 of section 225 of the General Corporation Law. I am satisfied, however, and I believe the defendant concedes, that the plaintiff is in fact a domestic corporation organized under the laws of the State of New York and jurisdiction over the defendant was obtained pursuant to the provisions of section 224 of the General Corporation Law.

The plaintiff further alleges in its memorandum that the consignor named in the bill of lading is a European associated company, and arranged for the sale of the machinery " at the request of and on behalf of the plaintiff ".

The plaintiff further claims that in conjunction with the same shipment, a policy of insurance was obtained directly by the plaintiff herein, wherein it was stated that the loss, if any, was to be paid not to the party named as consignor in the bill of lading but to this plaintiff directly. Of further significance is the fact that the contract between the parties (bill of lading) was printed in the English language, rather than in the Dutch or Belgian, indicating some intent on the part of the defendant that its rights, if any, were to be litigated in an English-speaking country. The plaintiff further claims and it is not disputed that this defendant maintains an office and place of business in Manhattan, where it is extensively staffed for the purpose of soliciting and handling freight and passenger business and to settle and adjust claims. In the light of the controversy involved in this action, the only real burden that would be placed upon the defendant would be the taking of depositions in Puerto Chicamo, Peru, the alleged place of loss, or in Antwerp, Belgium.

I find that this defendant, in the light of the facts, is not immune from the process of this court; that the acceptance of jurisdiction by this court will in fact tend to promote the orderly and effective administration of justice. It will cast no undue burden upon the performance by the defendant of any of the

functions in foreign commerce. (*Matter of Banque De France* v. *Supreme Court of State of N. Y.*, 287 N. Y. 483.)

This motion is denied and the defendant is to have seven days from the service of a copy of this order within which to file its answer.