Samuel H. Hofstadter, J.
Two defendants move to strike the amended complaint as not properly served or, in the alternative, to dismiss the amended complaint on the ground that the court has not jurisdiction of the subject of the action or, in the alternative, to dismiss the amended complaint in the exercise of discretion, on the ground that the cause of action asserted concerns the internal management and affairs of a Wisconsin corporation and involves the application of the laws of that State.
For the reasons stated in the memorandum on the companion motion addressed to the original complaint decided herewith, the court holds that the service of the amended complaint was permitted by the stipulation and accordingly denies the motion to strike it. The subject of the action is within the general jurisdiction of the court. There remains for consideration the appeal to the court’s power to dismiss in the exercise of discretion.
The plaintiffs bring the action derivatively and on behalf of all other stockholders of J. I. Case Company (Case) similarly situated. The plaintiffs complain chiefly of the terms of a merger already consummated between Case and American Tractor Corporation (Tractor), a New York corporation. The three plaintiffs are all residents of New Jersey and own an aggregate of 500 shares of common stock of Case. The defendants named are Case and Tractor and their respective directors. *1031 As stated, Case is a Wisconsin corporation organized in that State in 1880. The plan of merger between Case and Tractor was approved at a special meeting of Case’s stockholders held at its general office in Racine, Wisconsin, on November 15, 1956. 1,592,474 shares of common and 73,433 shares of preferred stock voted in favor as against 143,088 shares of common and 785 shares of preferred stock in opposition. An amendment to Case’s stock option plan also challenged in the amended complaint was approved at the same meeting by a combined vote of 2,051,400 votes of common and preferred stock in favor as against a combined vote of 292,526 votes in opposition to the amendment. Of Case’s 15 directors only 3 reside in New York and its 11 officers are all residents of Wisconsin. Its chief business has been the manufacture of farm machinery; though it has a sales office in Syracuse in this State and a small export office in New York City — it has other branch sales offices throughout the country — its principal office is in Racine and the vast majority of its assets are located in Wisconsin, Illinois and Iowa. It has stockholders in practically every one of the 48 States.
The merger became effective under the laws of both Wisconsin and New York by the filing and recording of the articles of merger and certificate of consolidation with the proper authorities of these States on January 10, 1957. As the result of the merger Tractor no longer exists as a legal entity. The amended complaint recognizes the merger as an accomplished fact and does not seek to undo it. It asks that the defendants account and pay the damages done to the corporation by the merger. By statute Wisconsin grants to a stockholder who objects to the terms of a merger or consolidation the right to be paid the “ fair value of his shares ” upon proper notice to the corporation.
The amended complaint charges that the directors of both corporations for their own personal interests effected the merger on terms and at a price which was grossly excessive and in fraud of the interests of Case and its stockholders; that the proxy material used in presenting the merger proposal was inadequate, misleading and insufficient, and particulars in substantiation of these charges are set forth. In a second cause of action complaint is made of the increase of the number of shares of common stock made allocable to the defendants by the amendment to the stock option plan and of the issuance, in connection with the merger, of warrants convertible into stock, which issuance is alleged to have taken place without consideration and to be illegal and ultra vires. The amended complaint *1032 asks that the additional stock made available by the amendment be withdrawn from the stock option plan and that the 90,000 warrants issued to the Tractor directors be cancelled.
The plaintiffs, without submitting any affidavit in opposition to the motion, nevertheless urge in their memorandum that jurisdiction be retained. Even though the plaintiffs do not seek to set aside the merger, it is still clear that the action concerns itself with the internal management and affairs of Case. Moreover, the determination of the issues will necessarily hinge in large measure on the law of Wisconsin. One of the questions presented is whether the provision for payment of the fair value of their stock made by the Wisconsin statute is the exclusive remedy available to the plaintiffs. Discretion dictates that such questions be determined by the courts of Wisconsin. Especially true is this in the case of the corporation here, which has outstanding so many shares of stock widely distributed throughout the country. If objecting stockholders in various States brought like suits there might well be divergent decisions with resultant chaos. The plaintiffs are not even residents of this State and Case is not shown to have such contacts here as render the prosecution of the action in the courts of New York proper. The plaintiffs offer no valid reason for retention of the suit here; it is almost self-evident that New York is neither a.convenient nor an appropriate forum for the resolution of the issues tendered by these plaintiffs. In analogous situations, our courts have declined to take jurisdiction (Langfelder v. Universal Labs., 293 N. Y. 200; Koster v. Shenandoah Corp., 258 App. Div. 1079, motion for leave to appeal denied 283 N. Y. 778; Cohn v. Mishkoff Costello Co., 256 N. Y. 102; Strassburger v. Singer Mfg. Co., 263 App. Div. 518; Rohlsen v. Latin American Airways, 65 N. Y. S. 2d 644).
In Weiss v. Routh (149 F. 2d 193) the Circuit Court of Appeals for this circuit, applying the New York rule in an action removed to the Federal court from the State court, dismissed because the case involved the internal affairs of a Virginia corporation, rather than on the merits, though the point had not been raised by the defendants (see, also, Koster v. Lumbermens Mut. Cas. Co., 330 U. S. 518, 531-532).
Since these nonresident plaintiffs adduce no reason why the New York courts should entertain the suit, sound discretion requires its dismissal.
The motion to dismiss is accordingly granted, Settle order,