YVONNE R. WAGNER, Appellant, v. JOSEPH BRAUNSBERG, Respondent.

First Department, April 29, 1958.

*Marvin George Florman* of counsel (*Werner Galleski* with him on the brief; *Ernest C. Steefel,* attorney), for appellant.

*Myron P. Gordon* of counsel (*Robert T. Snyder* with him on the brief), for respondent.

FRANK, J. This is an appeal from an order dismissing the complaint upon the ground of *forum non conveniens.*

The complaint alleges, and it is not disputed, that the plaintiff is a resident of the State of New York, and the defendant of London, England. Mr. Braunsberg, the defendant, was served with process while in New York City.

The pleading alleges that Rosie Girvan and Anthony J. Girvan duly assigned all their right, title and interest in a certain contract to the plaintiff. The contract, a copy of which is annexed to the complaint, was entered into by the assignors with the defendant and four corporations organized respectively in Switzerland, New York, Canada and New Jersey. The defendant signed the contract for these corporations, none of which is named as a party in the action.

In substance, the complaint charges that the defendant guaranteed certain corporate liabilities and assumed specific financial obligations with respect to the transactions enumerated in the agreement. Charging a breach of the contract, the plaintiff seeks money damages solely, without any prayer for equitable relief. While the contract provides that " Place of jurisdiction to be Zuerich I or New York or the domicile of a Solidar-schuldner [joint debtor] at the choice of Mrs./Mr. Girvan ", we do not reach the question as to whether signatories to an agreement can thus confer jurisdiction of the parties and the subject matter upon our courts.

It cannot be seriously disputed that the action, being one for money damages for breach of contract, is transitory in nature and that our courts would have jurisdiction of the subject matter. (See *Hutchinson* v. *Ward,* 192 N. Y. 375, 381; *Wedemann* v. *United States Trust Co.,* 258 N. Y. 315, 317, 318; *Clark Plastering Co.* v. *Seaboard Sur. Co.,* 259 N. Y. 424, 429; *Holzer* v. *Deutsche Reichsbahn-Gesellschaft,* 277 N. Y. 474, 478; *Rothstein* v. *Rothstein,* 272 App. Div. 26, 28, affd. 297 N. Y. 705.) In fact, a motion based on the doctrine of *forum non conveniens* presupposes the existence of a valid jurisdiction.

Briefly stated, the problem posed is whether the courts of this State may reject jurisdiction under the doctrine of *forum non conveniens,* where an action is instituted by a resident of this State against a nonresident to recover money damages for the breach of a contract which was executed in a foreign country by foreign residents.

We conclude that this complaint may not be dismissed on the grounds urged.

In a multi-pronged attack, the defendant boldly suggests that the plaintiff is not the real party in interest, that we apply the doctrine of *forum non conveniens* based on the nonresidence of the principals to the contract, and that we ignore the allegation of a duly executed assignment, whose existence is questioned because of the failure to annex a copy to the complaint. The short answer to the last suggestion is that, for the purpose of this application, the allegations in the complaint must be deemed to be true (*Locke* v. *Pembroke,* 280 N. Y. 430).

We are solicited to disregard the assignment and look behind it to the domiciliary or residential status of the contracting parties. The thrust of the argument is that since the plaintiff's assignors and the defendant are nonresidents, our courts may accept or decline jurisdiction in the exercise of appropriate judicial discretion existing under the doctrine of *forum non conveniens* as they may in an action between nonresidents based upon a breach of contract (*Bata* v. *Bata,* 304 N. Y. 51, 56). Extending that argument, it is asserted that Special Term, in consonance with the doctrine and in the exercise of discretion, properly dismissed the complaint upon the authority of *Catapodis* v. *Onassis* (2 Misc 2d 234).

It is sheer sophism, however, to indulge in the casual abandonment of the basic premise that brings the doctrine of *forum non conveniens* into play. The proposition is not reached where, as here, the plaintiff is a resident of the State. As a resident, she has an unqualified right to resort to our courts, in the absence of any legal impediment barring the exercise of that

right. She does not seek a stranger's privilege to apply for relief to the courts of this State. We have been referred to no case, nor has research disclosed one, in which a resident has been denied the right to invoke our judicial tribunals to recover only damages in a transitory action predicated upon a breach of a contract. (See *Gregonis* v. *Philadelphia & Reading Coal & Iron Co.,* 235 N. Y. 152, 158; 26 Fordham L. Rev. 535 and cases cited.)

We are not unmindful of the line of cases in which resident plaintiffs have been barred from resort to our courts (*Langfelder* v. *Universal Laboratories,* 293 N. Y. 200, 204; *Nothiger* v. *Corroon & Reynolds Corp.,* 293 N. Y. 682; *Cohn* v. *Mishkoff Costello Co.,* 256 N. Y. 102; *Travis* v. *Knox Terpezone Co.,* 215 N. Y. 259; *Miesse* v. *Seiberling Rubber Co.,* 264 App. Div. 373; *Harris etc.* v. *Weiss Eng. Corp.,* 267 App. Div. 96; *Bickart* v. *Kelly-Springfield Tire Co.,* 243 App. Div. 72). These cases do not run counter to the views herein expressed and have no applicability to the problem posed. They rest upon the sound logic that where the rights of the litigants involve regulation and management of the internal affairs of foreign corporations or where the court is unable to enforce its decree, we should not retain jurisdiction. Indicative of State policy is the careful distinction drawn by the decisions to limit and confine rejection of jurisdiction to the situations hereinabove indicated. In *Sternfeld* v. *Toxaway Tanning Co.* (290 N. Y. 294), the Court of Appeals, in reversing the denial of a motion to dismiss the complaint, emphasized the fact that the action was not one seeking a money judgment for damages. In *Travis* v. *Knox Terpezone Co.* (215 N. Y. 259, 263, 264, *supra*), the Court of Appeals, in affirming this court (165 App. Div. 156),* indicated through CARDOZO, J., that the plaintiff, an owner of stock certificates by assignment, could obtain equitable relief in a grievance arising from breach of contract, where the action did not involve interference in the internal management of a foreign corporation and the decree could be enforced. (See, also, *Goldstein* v. *Lightner,* 266 App. Div. 357, affd. 292 N. Y. 670; *Hamm* v. *Christian Herald Corp.,* 236 App. Div. 639; *Ramsey* v. *Rosenthal,* 242 App. Div. 526.)

The Civil Practice Act (§ 210) provides that an action must be prosecuted in the name of the real party in interest. We are told that the action must fall because the plaintiff is not the real party in interest. Our courts have established a broad

---

* The Appellate Division stated that the plaintiff (as here) was a resident of New York.

and tolerant policy under section 210 with respect to assignments of choses in action (*McBride* v. *Farmers' Bank*, 26 N. Y. 450; *McCauley* v. *Georgia R. R. Bank*, 239 N. Y. 514; *Gellens* v. *11 West 42d St.*, 259 App. Div. 435, 436; *De Gorter* v. *Banque de France*, 176 Misc. 1062, affd. 262 App. Div. 997; *Matter of Banque de France* v. *Supreme Court*, 287 N. Y. 483). Moreover, we must assume from the complaint that the assignment is absolute and coextensive with the contract. Under such circumstances, the only real party in interest is the plaintiff, and her assignors would be barred from maintaining an action for a breach of the agreement assigned (*Parker* v. *Simon*, 231 N. Y. 503, 506).

None of the prohibitions against the transfer of a claim (Personal Property Law, § 41) applies to the facts pleaded in the complaint under consideration. On the contrary, subdivision 3 of the cited section expressly provides that "Where a claim or demand can be transferred, the transfer thereof passes an interest, which the transferee may enforce by an action * * * in his own name, as the transferrer might have done ".

It has been held time and again that a resident assignee may maintain an action in this State although his foreign assignor might himself be barred (*McBride* v. *Farmers' Bank*, 26 N. Y. 450, 455, *supra*; *McCauley* v. *Georgia R. R. Bank*, 239 N. Y. 514, *supra*; *Matter of Banque de France* v. *Supreme Court*, 287 N. Y. 483, *supra*; *Gellens* v. *11 West 42d St.*, 259 App. Div. 435, *supra*). Nor is the motive prompting the assignment material (*Schwartz* v. *Fletcher*, 238 App. Div. 554). Even if it were for the purpose of more convenient enforcement or to avoid the incapacity of the assignor to bring an action, the assignment is valid and the action may be maintained (*Hoppe* v. *Russo-Asiatic Bank*, 200 App. Div. 460, affd. 235 N. Y. 37).

If an assignment is adequate to overcome statutory or decisional prohibition against the use of our courts by certain assignors, then by parallel reasoning it should be sufficient to avoid frustration under the doctrine of *forum non conveniens*.

The affidavits in opposition to the motion affirmatively assert that the plaintiff has a real interest, not alone by reason of the assignment, but also by virtue of her rights to the assets of her late father. Disregarding these assertions for the moment and confining our analysis to the bare allegation in the complaint, we must hold that the plaintiff has the right, insofar as we can determine from the pleading, to maintain the action. The validity of the assignment cannot be tested on the complaint alone (*Matter of Banque de France* v. *Supreme Court*, 287 N. Y. 483, *supra*).

In sum, we are persuaded that until the validity of an assignment is properly tested or the nonresidence of the plaintiff is established, the doctrine of *forum non conveniens* cannot be applied. On the complaint alone, the plaintiff has an absolute right to maintain the action on jurisdictional grounds.

The judgment and order appealed from should be reversed on the law, with costs to the appellant, and the motion denied, with $10 costs.

BOTEIN, P. J., RABIN, VALENTE and McNALLY, JJ., concur.

Judgment and order unanimously reversed on the law, with costs to the appellant, and defendant's motion to dismiss the complaint is denied, with $10 costs.