William C. Hecht, Jr., J.
This is a motion by three of the defendants to dismiss the complaint or for alternative relief.
The action is brought by stockholders of a New Jersey corporation to enjoin a special meeting of its stockholders, called for the purpose of obtaining the approval of an agreement approved by the directors which provides for the company’s consolidation with and merger into a New York corporation.
Plaintiffs claim that the terms of the consolidation are unduly favorable to the stockholders of the New York corporation and are unfair to those of the New Jersey corporation. They assert that the directors of the New Jersey corporation were also directors of the New York company. They also assert that the New York company owns more than two thirds of the stock of the New Jersey company, the amount required under the New Jersey law to validate the proposed consolidation. In addition to injunctive relief, damages are sought.
The action is brought as both a derivative action and a class action.
The first ground for dismissal urged by the movants is that the action necessarily involves interference by this court with the internal affairs of a foreign corporation. In the court’s opinion, this point is well taken. (Langfelder v. Universal Labs., 293 N. Y. 200; Koster v. Shenandoak Corp., 258 App. Div. 1079, motion for leave to appeal denied 283 N. Y. 778; Cohen v. American Window Glass Co., 126 F. 2d 111; Novich v. Rojtman, 5 Misc 2d 1029.)
Plaintiffs claim that the doctrine of forum non conveniens is inapplicable to their claim as residents of this State for money damages resulting from breach of fiduciary obligations. All but two of the cases relied on by plaintiffs are clearly distinguishable, however, in that they did not involve interference with the internal affairs of a foreign corporation. Indeed, in Wagner v. Braunsberg (5 A D 2d 564, 567), relied upon by plaintiffs, the court distinguished these cases from the case before it on that very ground. The other cases cited by plaintiffs, Hamm v. Christian Herald Corp. (236 App. Div. 639) and Ramsey v. Rosenthal (242 App. Div. 526) were decided in 1932 and 1934. Thereafter, in Langf elder v. Universal Labs, (supra) the Court of Appeals upheld the determination of causes of action for a money judgment by stockholders residing in the State: “ The fact that the third and seventh causes of action seek a money judgment * * * which plaintiffs particularly urge as a ground for entertaining jurisdiction, does not change the application of the above-mentioned rules [forum non conveniens] to this case ” (p. 204). In the instant case, the consolidation or *563 merger sought to he enjoined was consummated during the pendency of this action after plaintiffs ’ motions for a stay had been denied by the Special Term and the Appellate Division (11 A D 2d 1019). Plaintiffs’ brief states (p. 3): “What relief will be proper, upon plaintiffs’ establishing the cause of action, 0 * ° will depend on all the equities then obtaining, but at the very least equity will decree monetary relief for the damages or unjust enrichment resulting from the breach of fiduciary obligation. ’ ’
The fact that the merger has already taken place does not, however, avail plaintiffs as a group for escaping from the doctrine forum non conveniens. The complaints in Langfelder v. Universal Labs, (supra) ;Novich v. Rojtman (supra) and Koster v. Shenandoah Corp. (supra) were dismissed notwithstanding the fact that in each of those cases suit was brought after consummation of a merger claimed to be invalid. The merger cannot be set aside nor can money damages be awarded without a determination by this court of matters involving the regulation and management of the internal affairs of the foreign corporation of which plaintiffs are the stockholders.
The court is, accordingly, of the opinion that the motion to dismiss, on the ground of forum non conveniens, should be granted.
It is, therefore, unnecessary to consider defendants’ claim that plaintiffs possess an adequate remedy at law by virtue of a New Jersey statute entitling dissenters to the full market value of their stock as appraised by disinterested appraisers appointed by a New Jersey court. The other relief sought by defendants is also academic, in view of the court’s holding as to forum non conveniens.
The motion is granted to the extent of dismissing the complaint on the basis of forum non conveniens, and otherwise denied as academic.